CURETON, C. J., took no part in the decision of this case.

RICHMOND et ux. v. HOG CREEK OIL CO.
et al.   (No. 304–3620.)

(Commission of Appeals of Texas, Section B. April 5, 1922.)

I. Appeal and error ⚯781(2)—Granting of sole relief sought renders suit moot.

Where the sole relief sought by a suit was a cancellation of a lease, and by suggestion to Supreme Court it is shown that the lease had been canceled of record, the suit becomes moot,

and the writ of error will be dismissed, though both parties ask that the questions which are of interest to the profession generally be decided.

2. Appeal and error ⚯781(1)—Moot cases will not be decided to determine question of court costs.

The Supreme Court will not pass on moot questions solely for the purpose of determining the question of court costs.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by W. L. Richmond and wife against the Hog Creek Oil Company and others. Judgment for defendants was affirmed by the Court of Civil Appeals (229 S. W. 563), and plaintiffs bring error. Writ of error dismissed.

Frank Judkins and Grisham Bros., all of Eastland, and Miller & Miller, of Fort Worth, for plaintiffs in error.

W. H. Francis, A. S. Hardwicke, and Lewis V. Greer, all of Dallas, Conner & McRea, of Eastland, J. B. McEntire, of Dallas, and R. A. Hefner, of Ardmore, Okl., for defendants in error.

POWELL, J. On July 17, 1917, W. L. Richmond and wife executed an oil and gas lease to B. J. Johnson and others. Suit was later instituted in the district court of Eastland county, Tex., by lessors, seeking a cancellation of the lease on numerous grounds. Trial was had before a jury upon special issues. Upon the verdict of the jury, the district court entered a judgment for defendants. Upon appeal by lessors the Court of Civil Appeals at Fort Worth affirmed the judgment of the trial court in all things. See 229 S. W. 563.

Lessors then applied to the Supreme Court for a writ of error, which was granted December 21, 1921. The cause was, in due course, referred to us for examination and recommendation. It was set down for submission. On submission day no one appeared for plaintiffs in error, but counsel for defendants in error appeared only for the purpose of filing a verified suggestion to the court as follows:

"Comes now defendant in error and recites unto this honorable court that this case involved the validity of an oil and gas grant from W. L. Richmond and wife to B. J. Johnson, B. H. Turner and J. W. Carruth & Co., dated July 17, 1917, upon certain lands situated in Eastland county, Tex., which by mesne conveyances reached the Hog Creek Oil Company, and the suit filed in the district court of Eastland county was by W. L. Richmond and wife against the Hog Creek Oil Company et al., in which said Richmond and wife sued to cancel said grant on numerous grounds. The trial in the trial court resulted in a judgment in favor of the defendants, sustaining the validity of the

⚯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

mineral grant. Said case was appealed to the Court of Civil Appeals, Second Supreme Judicial District of Texas; said Court of Civil Appeals on December 4, 1920, affirmed the judgment of the lower court, and likewise, in an opinion rendered by said court on January 22, 1921, on motion for rehearing, affirmed said judgment of the lower court. Application for writ of error was made to the Supreme Court, and was granted on December 21, 1921.

"On September 20, 1920, Magnolia Petroleum Company, an unincorporated joint-stock association, with its principal office at Galveston, Tex., acquired title to said mineral grant, and on June 27, 1921, the production department of the Magnolia Petroleum Company decided that said grant was of no value to the Magnolia Petroleum Company, and, in keeping with the provisions of said grant, did release said grant and surrender all right, title, and interest that Magnolia Petroleum Company might own or have in or to said grant, and transferred and assigned said grant unto the original lessors, to wit, W. L. Richmond and M. A. Richmond, by an instrument in writing which was filed for record on the 27th day of June, 1921, and duly recorded on the 30th day of June, 1921, in volume 209, p. 20, of the Deed Records of Eastland County, Tex.; that since said date defendants in error and Magnolia Petroleum Company have not claimed or owned any interest in or to said grant and all interest in and to said grant from said date is vested in W. L. Richmond and M. A. Richmond and not in Magnolia Petroleum Company, Hog Creek Oil Company, or any of the defendants to said original suit, nor in the defendants in error; that said surrender of said grant was made long prior to the granting of the writ of error in this case; that it was not made for the purpose of defeating jurisdiction of this court, or any other court, but for the reason that the production department of the Magnolia Petroleum Company did not consider said grant of sufficient value to develop for oil or gas, and for the reason that Magnolia Petroleum Company did not desire to hold said grant longer, and said grant was surrendered in keeping with the provisions of the contract between the parties; therefore the subject-matter of the litigation has ceased to exist and a decision of this case by this court would be upon a moot question.

"This suggestion is made to this honorable court with the following additional suggestion, that if the court will take jurisdiction of this case that Magnolia Petroleum Company would be pleased for the court to pass upon the questions involved in this appeal and record, as there are a number of questions raised in this appeal which said company would like settled by this honorable court."

[1] In the light of this suggestion, we caused a copy thereof to be forwarded to counsel for the plaintiffs in error, with request that they advise us of the status of the facts stated therein. Both sides have given us the details, and papers now on file with us show, beyond any dispute, that the material allegations in the aforesaid suggestion filed by defendants in error are true. It is clearly demonstrated that the lease in suit was duly surrendered and canceled of record by Magnolia Petroleum Company on June 27, 1921, some six months before the writ of error was granted by the Supreme Court. It is further shown that the deed records of Eastland county show, by mesne conveyances, that the Magnolia Petroleum Company, several months before June 27, 1921, had acquired all the rights of the various defendants in error in and to the lease in suit, and that the surrender aforesaid by the Magnolia Petroleum Company placed the record title to the lease in suit back into the plaintiffs in error. Therefore, in brief, we have here a suit where the sole relief sought is the cancellation of a lease which has already been canceled. The case is now clearly moot.

The Magnolia Petroleum Company, not a party to this suit, surrendered and canceled the lease in question in strict accord with the very terms of the lease itself. The latter contains the following provision:

"The parties of the second part may at any time execute an instrument admitting and declaring this contract canceled, and, upon delivery of the same to the parties of the first part or upon the filing of the same for record, this contract and all liabilities and payments under it, from and after such time, shall cease and determine."

As it had a perfect right to do, under the very terms of the contract, it executed an instrument canceling this lease and placed that cancellation of record in Eastland county, Tex., where the land under lease was situated. We fail to see how anything more could have been required of that company.

The papers on file contain no motion that we dismiss the cause. In fact, all parties state that they would like to have the questions involved in this appeal settled by this court. Under the facts above stated, it is practically conceded by all parties that the subject-matter of the litigation has ceased to exist, and that a decision of this case by this court would be upon a moot question.

That the Supreme Court will not decide moot cases, no matter how interesting such a decision might be to the profession generally, is well settled by the following decisions of that court itself: Lacoste v. Duffy, 49 Tex. 767, 30 Am. Rep. 122; Gordon v. State, 47 Tex. 208; Robinson v. State, 87 Tex. 562, 29 S. W. 649; McWhorter v. Northcut, 94 Tex. 86, 58 S. W. 720; Riggins v. Richards, 97 Tex. 526, 80 S. W. 524; Padgitt v. Young County, 229 S. W. 459.

[2] It is in effect contended by plaintiffs in error that the cause should be determined in order to properly tax the court costs. There is no merit in this contention. The Supreme Court will not occupy its time in passing upon moot questions solely for the purpose of determining a question of court costs. That court itself has so held in the following

cases: Lacoste v. Duffy, supra; Robinson v. State, supra.

This section of the Commission of Appeals followed the two aforesaid cases in its case of Brown v. Fleming, 212 S. W. 483.

This very question was disposed of in the following language in the case of Lacoste v. Duffy, supra:

"It has not been customary in this court to decide questions of importance after their decision has become useless, merely to ascertain who is liable for the cost. The amount of business of practical importance would forbid that the time of the court should be so occupied."

In the very much later case of Robinson v. State, supra, Chief Justice Gaines disposes of this contention in this wise:

"The term of office to which the applicant was elected has long since expired. The subject-matter of the controversy has ceased to exist. Under such circumstances, an appeal will not be entertained merely to determine a question of costs. Lacoste v. Duffey, 49 Texas, 767; Gordon v. State, 47 Texas, 208. The application is therefore dismissed."

Just about one year ago our Supreme Court, in case of Padgitt v. Young County, 229 S. W. 459, ordered the writ of error in a moot case dismissed. Therefore believing the case at bar has likewise become moot, we think the Supreme Court is without further jurisdiction to consider the same. Consequently we recommend that the writ of error be dismissed.

CURETON, C. J. Writ of error dismissed, because questions have become moot.