OIL PRODUCTION MAINTENANCE, INCORPORATED v. RAILROAD COMMISSION OF TEXAS AND ITS MEMBERS.

No. A-7156. Decided April 1, 1959.
(322 S.W. 2d Series 515)

*McKay & Avery*, of Austin, for petitioners.

*Will Wilson*, Attorney General, *James M. Ludlum, James W. Wilson, Wayland C. Rivers, Jr.*, Assistant Attorney Generals, for respondents.

PER CURIAM:

The opinion of the Court of Civil Appeals is reported in 319 S.W. 2d at page 822.

Petitioners do not question that the order of April 28 discussed in the opinion has become moot. The contention here is that there was a later order, dated May 21, which preserves the case and prevents its becoming moot. However, in the application for writ of error we find this language:

"*If* the Court of Civil Appeals had declared, or *if* the Commission would admit, judicially, that the May 21st order must be limited to six months, thus expiring November 1st, 1958, we would have a very different question: but such is not the case."

In reply to the application we find this language:

"On page 11 of the application Petitioners state that the Commission has never said that it does not propose to enforce the May 21st 'order,' that the Commission has never yet suggested that any part of this case is moot, and that if the Commission would admit that the May 21st order has expired, we would have a very different question but that such is not the case.

"The Commission, on the contrary, does consider the entire case moot, and that the entire administrative action of the Commission in this cause including the May 21st instrument, has expired or been held by the Court of Civil Appeals to be moot and of *no further force or effect.*"

On the basis of this statement by the petitioners and the concession by the Commission, it appears that the entire case has become moot, and the application for writ of error is refused, no reversible error.

Opinion delivered April 1, 1959.