**STIM–O–STAM ENTERPRISES, INC.,**
Appellant,

v.

**The FIRST STATE BANK, ABILENE,**
Texas, Appellee.

No. 3908.

Court of Civil Appeals of Texas.

Eastland.

Oct. 9, 1964.

McMahon, Smart, Sprain, Wilson & Camp and J. M. Lee, Abilene, for appellant.

Smith & Erwin and Frank Smith, Abilene, for appellee.

WALTER, Justice.

Stim-O-Stam Enterprises, Inc., filed suit against The First State Bank, Abilene, Texas, on a $2,000.00 check executed by W. E. McCook drawn on said bank and payable to Stim-O-Stam. The bank's motion for summary judgment was granted and Stim-O-Stam has appealed.

In its motion for summary judgment, the bank pleaded res judicata and limitations.

It also pleaded there was a fatal variance in the pleadings and the proof in that the check was payable to Stim-O-Stam, Inc. and the appellant brought suit in the name of Stim-O-Stam Enterprises, Inc. It also asserted that appellant had forfeited its right to do business in Texas on July 16, 1963 for failure to pay its franchise tax as shown by a certificate of the Secretary of State. Appellant's original petition was filed on October 9, 1963. Judgment was rendered on March 16, 1964. The record does

not reflect any effort on the part of appellant to pay its franchise tax or set aside the forfeiture of its charter. It has elected to remain in its outlawed status. For this reason it is prohibited by statute from doing business in the State and from suing in the courts.

The appellant presents one point as follows:

"The Trial Court erred in passing upon the substantive merits of this case and in making a final disposition thereof in view of Appellee's having called to the attention of the Court that Appellant's right to do business in the State of Texas had been forfeited inasmuch as under such circumstances Appellant had and has no right to prosecute or defend actions in the Courts of this state, and the Trial Court accordingly was without jurisdiction or power to enter any final judgment in the case, and should have abated same during the pendency of such suspension."

The bank contends, and we agree, that the issue presented by appellant is now moot because Stim-O-Stam's charter was forfeited. This is shown by an appropriate certificate of the Secretary of State. Appellee in its prayer requests this court "— to set aside all previous orders and judgments and to dismiss this cause, including this appeal."

In McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331, (Commission of Appeals adopted by the Supreme Court), the court said:

"A case becomes moot when it appears that one seeks to obtain a judgment upon some pretended controversy when in reality none exists, or when he seeks judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy."

In Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863, our Supreme Court said:

"When a cause become moot on appeal, all previous orders and judgments should be set aside and the cause, not merely the appeal, dismissed. * * *"

All previous orders and judgments are set aside and this cause is dismissed without prejudice to the rights of any party hereto.