Frank B. BOATRIGHT et al., Appellants,

v.

CITY OF MINERAL WELLS et al.,
Appellees.

No. 4157.

Court of Civil Appeals of Texas.

Eastland.

March 3, 1967.

Rehearing Denied March 24, 1967.

Tom Huckaby, City Atty., Big Spring, for appellants.

Herman Fitts, John R. Creighton, Mineral Wells, for appellees.

WALTER, Justice.

Frank B. Boatright, individually and as representative of a class of taxpayers and citizens of Mineral Wells, filed suit against the City of Mineral Wells and George D. Barber, Mayor of the City of Mineral Wells, Harry T. Shuffler, Commissioner of the City of Mineral Wells, Walter L. Montgomery, Commissioner of the City of Mineral Wells, Sarah F. Scott, City Secretary to the City of Mineral Wells, and Ambrous Lee, Chief of Police of the City of Mineral Wells, called Secondary Defendants, seeking injunctive relief. The appellants have correctly given a statement of the nature of the case as follows:

"This action is between a citizen and taxpayer and the City of Mineral Wells, Texas, and the elected officials of said city to test the validity of a new city charter adopted by the governing body of said city of July 26, 1966, which new charter replaced the original charter of the City of Mineral Wells, Texas, adopted by the City in August, 1913. The attack on the new city charter is made in the form of a petition asking for injunctive relief against the city officials from turning over the city offices to officials elected under the new charter and to declare such new charter null and void. A hearing was held on the question of temporary injunction only, and the Court, after hearing the undisputed facts, held the new charter valid, denied the relief sought at the hearing," and entered a judgment dismissing plaintiffs' petition. From this judgment, appellants have perfected this appeal.

The judgment was rendered and entered on October 18, 1966. It recites "—came on to be heard Plaintiffs' application for Temporary Injunction". It also recites, "It is therefore ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff's Application for Temporary Injunction be, and the same is hereby, denied, and Plaintiff's Petition be, and the same is hereby dismissed."

This is not an appeal from an interlocutory order under Rule 385 because the judgment orders that the plaintiffs' case be dismissed. This is a final judgment. Appellees' motion to dismiss the appeal for want of jurisdiction is overruled. We hold that the transcript and statement of facts were timely filed and that we have jurisdiction of the appeal.

Appellants' original petition was filed on September 13, 1966, and the relief it sought is stated by appellants' counsel at the hearing as follows:

"We are asking the Court to grant a temporary injunction against the Secondary Defendants named in our original petition, to enjoin them from vacating their offices and turning over their duties as elected officials to people elected under the new charter for the reason that the new charter is void."

L. J. Varnell, Jr. the duly elected, qualified and acting mayor of the City of Mineral Wells, Carl Kessler, Harry Cohen, Marcus Marsden, Benny W. Saylors, Ellis H. White, and Thomas Simonton, Jr., the duly elected, qualified and acting City Councilmen of said City, filed a plea of intervention on September 23, 1966.

The appellants did not make the officers elected under the new charter parties

to their suit; neither did they seek any relief against them. The record shows without dispute that such new officials have been elected, have taken their oaths of office and are now acting in such official capacities for the city.

Appellees contend the subject matter of this suit has become moot. We agree. "Where, pending an appeal from an order refusing to grant or dissolving an injunction, the act sought to be enjoined has been fully performed, appellate jurisdiction will ordinarily not be exercised." 3 Tex.Jur.2d, Sec. 53, p. 317.

The appeal is dismissed.