**Frank B. BOATRIGHT et al., Petitioners,**

v.

**The CITY OF MINERAL WELLS et al., Respondents.**

**No. B–249.**

Supreme Court of Texas.

May 31, 1967.

Rehearing Denied June 28, 1967.

Tom Huckaby, Big Spring, for petitioners.

N. A. Irsfeld, Herman Fitts, John R. Creighton, Mineral Wells, for respondents.

PER CURIAM.

Plaintiff, Frank B. Boatright, suing individually and as representative of a class of taxpayers and citizens of the City of Mineral Wells, Texas, brought suit against the City of Mineral Wells and its Mayor, City Commissioners, City Secretary and Chief of Police, seeking a restraining order, temporary injunction and permanent injunction restraining the individual defendants from vacating their offices and abandoning their sworn duties as public officials. Boatright contended that an adoption of a new charter on July 26, 1966, which provid-

ed for a different form of city government, was void in that the statutory requirements for the adoption of a charter by a home rule city had not been complied with.

Upon hearing of the application for temporary injunction, the trial judge dismissed the cause. Boatright did not assert in his brief in the Court of Civil Appeals that the trial court erred in rendering final judgment upon a temporary injunction hearing. The Court of Civil Appeals dismissed the appeal for mootness because it appeared that a successor group of officials had taken over the city government and obviously a court could not now enjoin the original defendants from surrendering their offices. 413 S.W.2d 743.

It may be that the trial court should have merely refused to issue a temporary injunction and not dismissed the cause, but no point so asserting was presented to the Court of Civil Appeals upon submission of the case in that court, and it appears that plaintiff was not injured by such dismissal as a change in administration had taken place before the case was submitted in the appellate court. The defendants had surrendered their offices and an order restraining them from so doing would be wholly ineffective. Naland v. Maxey, 119 Tex. 462, 32 S.W.2d 822 (1930), 3 Tex.Jur.2d 317, Appeal and Error, Civil Cases, § 53.

■■■ Ordinarily, the rule followed by this Court is that stated in Texas Foundries v. International Moulders and Foundry Workers Union, 151 Tex. 239, 248 S.W.2d 460 (1952), wherein it was said:

"The rule has long been established in this court that when a case becomes moot on appeal, all previous orders are set aside by the appellate court and the case is dismissed."

See also, Guajardo v. Alamo Lumber Company, 159 Tex. 225, 317 S.W.2d 725 (1958).

However, when the dismissal of an appeal or application for writ of error would accomplish the same result, both the Courts of Civil Appeals and this Court have occasionally dismissed an appeal or application for writ of error rather than strictly following the rule set down in the Texas Foundries case, Naland v. Maxey, supra, wherein the trial court defendants prevailed in the Court of Civil Appeals and the injunction was dissolved. The dismissal of the application for writ of error had the same result as did the dismissing of the cause from the docket of the trial court. See also, Richmond v. Hog Creek Oil Co., 239 S.W. 904 (Tex.Comm'n App.1922); Bell v. Lucas, 34 S.W.2d 356 (Tex.Civ.App. 1930, no writ).

The trial court dismissed this cause. In view of this circumstance, the application for writ of error is refused, no reversible error.