Reed BARNETT, by Next Friend, Appellant,

v.

CONROE INDEPENDENT SCHOOL
DISTRICT et al., Appellees.

No. 7151.

Court of Civil Appeals of Texas,
Beaumont.

April 20, 1970.

Pat Timmons, Fred A. Collins, Houston,
for appellant.

Gerald J. Creighton, Jr., Conroe, Howell
Cobb, Beaumont, for appellees.

KEITH, Justice.

Reed Barnett, a minor suing by his next
friend, appeals from a final judgment dis-
missing his suit for an ancillary temporary
writ of madamus which would have requir-
ed the Board of Trustees of Conroe Inde-

pendent School District to have readmitted him to attendance upon Conroe High School during the pendency of an appeal to the Commissioner of Education on an order of explusion. We state only a few of the facts in order to demonstrate the fact *admitted by the parties* upon oral submission: the case was moot at the time it was heard by the trial court and is moot at this time.

Barnett, on January 8, 1970, while a student in attendance upon Conroe High School, procured from a fellow student a "pill of some nature" which he took, resulting in his becoming ill. His testimony is to the effect that it probably was lysergic acid or LSD, although this fact is not in any manner corroborated by other evidence in our record. He spent the day on the parking lot at the school and upon his return to his home, the incident was discussed with his parents.

The following day, accompanied by his father, he conferred with the juvenile and school authorities, making a full statement of the facts and cooperating fully with the authorities. He was told on that day that disciplinary action probably would be taken against him. The only "policy" of the Board in effect at that time was that set out in full in Opinion No. M-332 by Attorney General Martin, dated January 9, 1969, addressed to the Commissioner of Education. The Board was made aware of the incident at its meeting of January 13, but neither Barnett nor his parents were invited or appeared before the Board. He was permitted to continue in school until he completed his examinations on the courses he was taking during the first semester and received credit for those he passed successfully.

On or about January 26, the last day of the first semester, he was dismissed from school and told not to return during the second semester.[1] On January 29, his father appeared before the Board to pro-

test, apparently seeking a more lenient sanction, but to no avail. On February 2, 1970, the Superintendent of the School District advised his father that the dismissal would stand, and attached to his letter the "policy" in effect on January 8, 1970 (the date of the offense) and a new policy adopted at the meeting of January 13, following the incident involved here.

An appeal was taken promptly to the Commissioner of Education from the action of the Board of Trustees (Section 11.13, Texas Education Code, V.A.T.S.), which appeal, we are advised by counsel for the parties, is still pending. On February 11, 1970, Barnett sought a writ of mandamus in the District Court to "maintain the status quo", upon allegations that the Commissioner could not make a determination of the appeal for some forty-five days and that if Barnett were excluded from school for that long, even if he prevailed, he could not receive a passing grade in his courses because of his absence from classes. We note that more than forty-five days expired before the complete record was filed in this court.

An immediate hearing was afforded and the Board duly answered with various pleas challenging the jurisdiction, etc., all of which were overruled by the trial court. After a hearing on the merits, the trial court made extensive oral findings of fact and conclusions of law, and entered judgment denying all relief sought by Barnett.

This cause was filed on February 12, judgment entered on February 25, and the complete record filed in this court on March 31, 1970. We have expedited the submission and determination of the cause at every step in the process, the cause having been submitted on April 16. The fact remains, however, that Reed Barnett has not been in attendance upon school since January 26; and the parties agreed upon submission of the cause that the regular

1. We do not speculate with the parties as to whether he was "expelled", "suspended", or was "withdrawn", as his record shows. The point is immaterial in *this* cause.

scholastic term (or the second or spring semester of the scholastic year 1969–1970) will terminate in late May. The responsible officials of the School District gave testimony that Reed would be admitted to the summer school program of the school, beginning "in June." The trial judge, in his comments from the bench, recognized such fact and took it into consideration in making his ruling.[2]

We know, as a practical matter, that this cause, *insofar as it seeks the reinstatement of Reed Barnett to the school during the spring semester of 1970*, is and was moot at the time of submission. Assuming, *arguendo*, that we agreed with Barnett and reversed the judgment of the court below, even to the extent of granting the affirmative relief which he seeks here, nevertheless, the School District would have the legal right to file a motion for rehearing within fifteen days. Assuming, further, that we overruled the motion instanter, the Board would still have the legal right to file an application for the writ of error. By that time, Reed Barnett should be a student in Conroe High School, not by virtue of our judgment, but because of the very order of the Board herein attacked. We are, therefore, of the opinion that this cause is now moot.[3]

It is clear, under our record, that Barnett's suspension was, in effect, for a definite period of time—the spring 1970 semester. Thus, our case has some resemblance to that of Railroad Commission of Texas v. Oil Production Maintenance, Inc., 319 S.W.2d 822, 824 (Austin Tex.Civ.App., 1958), error refused, no reversible error, 159 Tex. 437, 322 S.W.2d 515 (1959). There the order of the Railroad Commission, dated April 28, 1958 (effective May 1, 1958), restricted production on the particular wells involved for a period of six months from the effective date of the order. The trial judge set aside the order and restrained the Commission from enforcement thereof, but went no further. The opinion of the Court of Civil Appeals, dated December 10, 1958, after the expiration of the order by its own terms, contained this language:

> "Since no judgment can be entered in this cause that can become effective prior to the expiration of the complained of order the cause is moot and the only order to be entered is one reversing and setting aside the judgment of the trial court and dismissing the cause. [Citations omitted.]"

In Parr v. Stockwell, 159 Tex. 440, 322 S.W.2d 615, 616 (1959), the court had before it an application for a writ of error to review the judgment of the Court of Civil Appeals, the opinion being reported in 319 S.W.2d 779. The injunction so granted expired by its owns terms upon December 31, 1958, the very day upon which the petitioner's motion for rehearing was overruled

---

2. The trial judge said: "Further, the Court finds that on the uncontroverted evidence accepted by the Court in good faith as a good-faith statement of the president of the board, one Mr. Gerald Creighton, that Reed Barnett, if his conduct is good in the interim, will be re-admitted at the summer school semester which will begin about the end of May of 1970 or the beginning of June of 1970, and in view of this pronouncement and the Court's relying upon it as being an important one and, also, a good-faith one, [the relief was denied] * * *."

3. There is no question of the loss of credits. Barnett was permitted to take the examinations on his enrolled subjects of the first semester and was given full credit for all courses he passed. He has not been in attendance during the spring semester (and, if admitted at this time, would likely fail any examinations upon the work because of his lack of participation therein).

No notation has been made upon his record with reference to his expulsion because of this incident and we accept the explanation of the school authorities that no such notation will be placed thereon, notwithstanding the language found in the policy adopted January 13, 1970.

by the Court of Civil Appeals. In this instance, the court said:

"It is therefore apparent from the face of the record that the question of whether or not the injunction should have been granted is moot. Accordingly, writ of error is granted without reference to the merits of the matters or issues decided by the Court of Civil Appeals, University Interscholastic League v. Sims, 133 Tex. 605, 131 S.W.2d 94, and this cause in so far as it relates to such temporary injunction is dismissed at the cost of petitioners."

Boatright v. City of Mineral Wells, 415 S.W.2d 901, 902 (Tex.Sup., 1967), found the court considering an application for a writ of error by a petitioner who had sought an injunction to restrain certain elected officials from vacating their office after the adoption of a new charter. The trial court denied the temporary injunction and dismissed the case. Before submission of the cause in the Court of Civil Appeals, the defendants surrendered their offices (415 S.W.2d at 902), and that court dismissed the appeal. The Supreme Court said:

"The defendants had surrendered their offices and an order restraining them from so doing would be wholly ineffective. Noland v. Maxey, 119 Tex. 462, 32 S.W.2d 822 (1930); 3 Tex.Jur.2d 317, Appeal and Error, Civil Cases, § 53."

The court in Williams v. Huntress, 153 Tex. 443, 272 S.W.2d 87, 89 (1954), permitted the relator to attack collaterally an injunction which had been issued by the trial court, saying:

" * * * we hold the injunction to have been moot by reason of lack of time for appellate review and subject to collateral attack here."

In Polk v. Davidson, 145 Tex. 200, 196 S.W.2d 632 (1946), it was said:

"A case becomes moot 'when any right which might be determined by the judicial tribunal could not be effectuated in the manner provided by law.' Sterling v. Ferguson, et al, 122 Tex. 122, *142*, 53 S. W.2d 753, 761."

■ For this case to have present viability, we would be required to find and hold that we could enter judgment on the merits and allow the parties their full rights to test our judgment by further appeal before June 1, 1970. In the post-submission suggestion of mootness, counsel for the Board says:

"This cause, submitted to the Court on April 16, 1970, will be moot before a final determination can be made thereof. Assuming that a decision is rendered on Thursday, April 23, 1970, and is adverse to Appellees, a fifteen-day period is provided by Rule 458, Texas Rules of Civil Procedure, for appellees to petition the Court for a rehearing.

"Assuming that such Motion for Rehearing is denied instanter by the Court, appellees have thirty days thereafter to petition the Supreme Court of Texas for the granting of an application for writ of error. Rule 468, Texas Rules of Civil Procedure. Forty-five days from April 23, is June 17, 1970. The current semester of Conroe High School ends May 29, 1970, and the summer school session begins June 1, 1970. See affidavit of J. L. McCullough attached hereto."

In this type of proceeding we do not have authority to deny to any litigant the right to the appellate process made available by the statutes and rules, even if we so desired. Saunders v. Southwest General Insurance Co., 304 S.W.2d 406, 409 (Austin Tex.Civ.App., 1957, error ref. n. r. e.). It is apparent, therefore, that the appellate process cannot be exhausted before June 1, 1970, and that the case is now moot.

■ Counsel for Barnett suggests that we should consider the merits of this cause so as to chart a course for the guidance of school officials and students in other cases.

As intriguing as the invitation may seem, we are not justified in exercising jurisdiction when none exists. This court has no constitutional or statutory power to render advisory opinions. Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641, 644 (1933); United Services Life Insurance Co. v. Delaney, 396 S.W.2d 855, 859 (Tex. Sup., 1965).

In a post-submission memorandum, Barnett contends that the case is not moot, saying:

"Where questions involved on appeal to the Court of Civil Appeals would become moot before expiration of time allowed for filing Motions for Rehearing, the Court has the authority to refuse to entertain a Motion for Rehearing and to so state in its Order. Bray v. Peden, [Tex. Civ.App.,] 213 S.W.2d 469 and cases collected under Notes 8 and 9 of Annotations to Rule 458, TRCP. Should this Court, on April 23, 1970, hand down a decision favorable to Plaintiff, there still remains ample time for Plaintiff to re-enroll in the Conroe Independent School District during the spring semester. Even if Appellees carry out their threat to delay action by appellate Courts, this matter could conceivably be disposed of by the Texas Supreme Court prior to the end of the current spring semester, stated to be May 29, 1970.[4]

The cited case is one of many holding that in election contest matters, the Court of Civil Appeals is authorized to deny the filing of motions for rehearing in order not to thwart the election process. We have not been cited any authority for the denial of such a right in the ordinary case, or even in cases such as now confront us. The right of appeal is a valuable right and one which should not be denied except in the most unusual circumstances. In Eppstein & Co. v. Holmes & Crain, 64 Tex. 560, 564 (1885), the court said:

"The right of appeal is guaranteed by the constitution, and a party who considers himself aggrieved may appeal as a matter of right. Republic v. Smith, Dallam, 407; Forbes v. Hill, id., 486; Shelton v. Wade, 4 Tex. [148], 150. In Shelton v. Wade, supra, Justice Wheeler said: 'The laws regulating the exercise of the right are intended to afford the party every possible facility in its furtherance, consistent with a due regard to the rights of the opposite party; and they should be so construed as most certainly and effectually to attain this object.'"

Should Barnett desire to invoke the jurisdiction of the Supreme Court, this court will entertain and dispose of at the earliest possible moment a motion for rehearing so as to enable a prompt presentation of the matter to our court of last resort.

The procedural impasse which results from our holding is regrettable; but, it was counsel who chose to take an administrative appeal from the action of the School Board. Contending on this appeal that he was denied both substantive and procedural due process by the Board, he did not seek relief originally in the courts, but in the administrative agencies. The calendar was working against him at every step in the proceedings and we are unable to grant relief under the situation presently prevailing.

In doing so, we are mindful of the opinion of Judge Noel of the United States District Court for the Southern District of Texas, in Schwartz v. Galveston Ind. School District, et al, 309 F.Supp. 1034, p. 1044 (U.S.D.C.S.D.Tex., 1970). In his

4. Counsel does not comment upon the allegation found in the original petition filed on February 12, 1970, alleging that because the administrative appeal could not be heard for a period of approximately forty-five days, "by the time said appeal is heard and determined, the spring 1970 school semester would have progressed so far that it would be impractical for Plaintiff to enter school at that time." Assuming the truth of the allegation in February, it is even more persuasive in the latter part of April.

masterful analysis of the prevailing law, Judge Noel refers to the more recent decisions of the Texas courts, saying:

"The [state] courts' eagerness to keep the students in school pendente lite suggests that even if exhaustion of administrative appeals had proved necessary, a request for an order reinstating the students pending the appeal would have been received favorably. Secondly, by overturning actions by local school boards without reaching constitutional arguments, the courts evidenced a special concern to restrict arbitrary school action resulting in student suspensions. Federal courts certainly could do no more. In fact, since the authority of school boards depends so greatly on a construction of state statutes drawn in the broadest terms and seldom construed, federal courts would necessarily be more constrained in reviewing local action." (Citations and footnotes omitted.)

We are in full accord with Judge Noel's statement of the law, but the circumstances prevailing in this case prevent our making application of the principles therein mentioned. Since our judgment on the merits of the cause could not be made effective during the scholastic semester involved, we do not, of course, express any opinion upon the merits of the controversy or any of the questions tendered by the pleadings, the evidence, the briefs or the arguments of counsel.

■ Our disposition of this cause is dictated by the ruling in Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863 (1943), wherein the court said:

"When a cause becomes moot on appeal, all previous orders and judgments should be set aside and the cause, not merely the appeal, dismissed." (Citations omitted.)

See also, Blanton v. City of Houston, 163 Tex. 224, 353 S.W.2d 412 (1962); Guajardo v. Alamo Lumber Co., 159 Tex. 225, 317 S.W.2d 725 (1958); Stim-O-Stam Enterprises, Inc. v. First State Bank, 385 S.W.2d

622, 623 (Eastland Tex.Civ.App., 1964, no writ). This we proceed to do.

All previous orders and judgments are set aside and this cause is dismissed without prejudice to the rights of any party herein.