Willametta Keck DAY, et al., Appellants,

v.

FIRST CITY NATIONAL BANK OF HOUSTON, et al., Appellees.

No. A14–83–358CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 26, 1983.

Rufus Wallingford, Houston, for appellants.

John L. McConn, Jr., Robert L. Ketchand, Linda L. Kelly, Butler & Binion, John C. Snodgrass, David T. Hedges, Vinson & Elkins, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from the trial court's denial of a temporary injunction on May 9, 1983.

Appellants, along with defendant, Howard Keck, are beneficiaries of three trusts holding stock in Superior Oil Company. They sought injunctive relief against First City National Bank of Houston, the trustee, and Howard Keck to prevent the bank from voting against a proposed shareholder's res-olution initiated by appellants at a shareholders' meeting of Superior Oil to be held on May 12, 1983. Appellants argue that First City's close relationship with Superior Oil, created a conflict of interest, and the trustee bank should abstain from voting against the resolution. After a hearing was held on May 6, 1983, the trial court denied such relief from which appellants bring this appeal.

■ As the record appears before us now, we find appellants' points of error moot. The appellants sought to have the trial court enjoin First City National Bank from voting certain shares of stock held in trust, in opposition to a proposed shareholder's resolution. The trial court denied the request, and the bank voted by proxy all of the shares against such resolution in the May 12, 1983 stockholders' meeting of Superior Oil. Under this circumstance, we are not in a position to grant any relief. Since the action sought to be enjoined has already been performed, we are no longer capable of ruling on the matter before the Court. *See Boatright v. City of Mineral Wells,* 413 S.W.2d 743 (Tex.Civ.App.—Eastland 1967, writ ref'd n.r.e.).

■ Our decision here is grounded on the altered nature of the relief sought due to changed conditions. We make no conjecture as to what our decision might have been had this cause been brought to us prior to the election. We find no evidence in this record of bad faith on the part of the trustee bank; however, the potential for conflict is present. We feel that any such fiduciary should avoid even the appearance of conflict when dealing with direct disputes between a client and the beneficiaries of their trust.

The appeal is dismissed, and the cause is remanded for trial on the merits.