David Powe, Bobbie Hopkins, and Roy Lee Brown in the Right of Arlington Heights Baptist Church of Fort Worth, Texas, as Members and in Behalf of all Other Members Similary Situated v. Robert Burdette, Nicole Burdette, Charles Castleman, and Radene Tadlock, 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-383-CV

DAVID POWE, BOBBIE HOPKINS, APPELLANTS

AND ROY LEE BROWN IN THE

RIGHT OF ARLINGTON HEIGHTS

BAPTIST CHURCH OF FORT WORTH,

TEXAS, AS MEMBERS AND IN

BEHALF OF ALL OTHER MEMBERS

SIMILARY SITUATED

V.

ROBERT BURDETTE, NICOLE APPELLEES

BURDETTE, CHARLES CASTLEMAN,

AND RADENE TADLOCK, AS THE

DEFENDANTS, JOINING ARLINGTON

HEIGHTS BAPTIST CHURCH OF

FORT WORTH, TEXAS AS PARTY

DEFENDANT

------------

FROM THE 141
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants, David Powe, Bobbie Hopkins, and Roy Lee Brown in the right of Arlington Heights Baptist Church of Fort Worth, Texas, as members and in behalf of all other members similarly situated, brought suit against Appellees, Robert Burdette, Nicole Burdette, Charles Castleman, Radene Tadlock, and Arlington Heights Baptist Church of Fort Worth, Texas, seeking injunctive relief to enjoin Appellees from transferring the assets of and dissolving Arlington Heights Baptist Church, a Texas nonprofit corporation.  The trial court denied Appellants’ application for temporary injunction and subsequently granted Appellees’ plea to the jurisdiction.  In their sole issue on appeal, Appellants contend that the trial court erred by granting the plea to the jurisdiction.  Appellees have filed a motion to dismiss the appeal, contending that the issue is moot.  Because we hold that the issue in this case is moot, we grant Appellees’ motion and dismiss the cause.

Background

On August 3, 2003, a special business meeting of Arlington Heights Baptist Church of Fort Worth was held as announced July 27, 2003.  The special business meeting was held to vote on a proposed motion to transfer the Church’s assets and to dissolve the Church as a corporate entity.  After a vote was taken on the motion, it was determined that the assets would be transferred to Tarrant Baptist Association, Inc. and the corporation would be dissolved September 1, 2003.

Alleging that the July 27th notice and the August 3rd special business meeting violated the Church’s by laws and Texas statutory corporate laws, on August 25, 2003, Appellants filed this suit seeking injunctive relief to enjoin Appellees from transferring the assets and dissolving the Church.  On September 3, 2003, an evidentiary hearing was held on Appellants’ petition for temporary injunction, and on September 5, 2003, the trial court entered an order denying the petition.  Appellants did not seek a stay of the order pending appeal.  On December 17, 2003, the trial court entered an order granting Appellees’ plea to the jurisdiction, dismissing Appellants’ suit.  On December 29, 2003, the Church’s dissolution committee transferred the Church’s assets to Tarrant Baptist Association, Inc. and filed articles of dissolution with the Secretary of State.  On December 30, 2003, Appellants filed their notice of appeal.

Discussion

Appellees contend that this appeal is moot because the actions Appellants sought to enjoin have already been performed.  We agree.  Mootness is a component of subject matter jurisdiction.
(footnote: 2)  If issues presented are no longer “live” or the parties lack a legally cognizable interest in the outcome, the case is moot.
(footnote: 3)  When actions sought to be enjoined have been fully performed, the case is moot.
(footnote: 4)
 Although Appellants’ issue in this case is whether the trial court erred by granting Appellees’ plea to the jurisdiction, if upon review of this case we were to hold that the trial court did abuse its discretion, no live controversy exists to remand to the trial court.
(footnote: 5)  As the record appears before us, we hold that Appellants issues on appeal are moot.

Conclusion

Having held that no viable case or controversy exists, we dismiss Appellants appeal as moot.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: August 12, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Labrado v. County of El Paso
, 132 S.W.3d 581, 589 (Tex. App.—El Paso 2004, no pet. h.).

3:
Murphy v. Hunt
, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183 (1982); 
City of Fort Worth v. Pastusek Indus.
,
 Inc.
, 48 S.W.3d 366, 371 (Tex. App.—Fort Worth 2001, no pet.).

4:
Day v. First City Nat’l Bank of Houston
, 654 S.W.2d 794, 795 (Tex. App.—Houston [14th Dist.] 1983, no writ); 
see also Labrado
, 132 S.W.3d at 589.

5:
See F.D.I.C. v. Nueces County
, 886 S.W.2d 766, 767 (Tex. 1994); 
Pastusek Indus.
, 48 S.W.3d at 371.