COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-383-CV
  
  
DAVID 
POWE, BOBBIE HOPKINS,                                          APPELLANTS
AND 
ROY LEE BROWN IN THE
RIGHT 
OF ARLINGTON HEIGHTS
BAPTIST 
CHURCH OF FORT WORTH,
TEXAS, 
AS MEMBERS AND IN
BEHALF 
OF ALL OTHER MEMBERS
SIMILARY 
SITUATED
  
V.
  
ROBERT 
BURDETTE, NICOLE                                                   APPELLEES
BURDETTE, 
CHARLES CASTLEMAN,
AND 
RADENE TADLOCK, AS THE
DEFENDANTS, 
JOINING ARLINGTON
HEIGHTS 
BAPTIST CHURCH OF
FORT 
WORTH, TEXAS AS PARTY
DEFENDANT
 
  
------------
 
FROM 
THE 141ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellants, 
David Powe, Bobbie Hopkins, and Roy Lee Brown in the right of Arlington Heights 
Baptist Church of Fort Worth, Texas, as members and in behalf of all other 
members similarly situated, brought suit against Appellees, Robert Burdette, 
Nicole Burdette, Charles Castleman, Radene Tadlock, and Arlington Heights 
Baptist Church of Fort Worth, Texas, seeking injunctive relief to enjoin 
Appellees from transferring the assets of and dissolving Arlington Heights 
Baptist Church, a Texas nonprofit corporation. The trial court denied 
Appellants’ application for temporary injunction and subsequently granted 
Appellees’ plea to the jurisdiction. In their sole issue on appeal, Appellants 
contend that the trial court erred by granting the plea to the jurisdiction. 
Appellees have filed a motion to dismiss the appeal, contending that the issue 
is moot. Because we hold that the issue in this case is moot, we grant 
Appellees’ motion and dismiss the cause.
Background
        On 
August 3, 2003, a special business meeting of Arlington Heights Baptist Church 
of Fort Worth was held as announced July 27, 2003. The special business meeting 
was held to vote on a proposed motion to transfer the Church’s assets and to 
dissolve the Church as a corporate entity. After a vote was taken on the motion, 
it was determined that the assets would be transferred to Tarrant Baptist 
Association, Inc. and the corporation would be dissolved September 1, 2003.
        Alleging 
that the July 27th notice and the August 3rd special business meeting violated 
the Church’s by laws and Texas statutory corporate laws, on August 25, 2003, 
Appellants filed this suit seeking injunctive relief to enjoin Appellees from 
transferring the assets and dissolving the Church. On September 3, 2003, an 
evidentiary hearing was held on Appellants’ petition for temporary injunction, 
and on September 5, 2003, the trial court entered an order denying the petition. 
Appellants did not seek a stay of the order pending appeal. On December 17, 
2003, the trial court entered an order granting Appellees’ plea to the 
jurisdiction, dismissing Appellants’ suit. On December 29, 2003, the 
Church’s dissolution committee transferred the Church’s assets to Tarrant 
Baptist Association, Inc. and filed articles of dissolution with the Secretary 
of State. On December 30, 2003, Appellants filed their notice of appeal.
Discussion
        Appellees 
contend that this appeal is moot because the actions Appellants sought to enjoin 
have already been performed. We agree. Mootness is a component of subject matter 
jurisdiction.[2]  If issues presented are no 
longer “live” or the parties lack a legally cognizable interest in the 
outcome, the case is moot.[3]  When actions 
sought to be enjoined have been fully performed, the case is moot.[4]
        Although 
Appellants’ issue in this case is whether the trial court erred by granting 
Appellees’ plea to the jurisdiction, if upon review of this case we were to 
hold that the trial court did abuse its discretion, no live controversy exists 
to remand to the trial court.[5]  As the record 
appears before us, we hold that Appellants issues on appeal are moot.
Conclusion
        Having 
held that no viable case or controversy exists, we dismiss Appellants appeal as 
moot.
   
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
  
PANEL B:   DAUPHINOT, 
GARDNER, and WALKER, JJ.
DELIVERED: 
August 12, 2004

NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Labrado v. County of El Paso, 132 S.W.3d 581, 589 (Tex. App.—El Paso 
2004, no pet. h.).
3.  
Murphy v. Hunt, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183 (1982); City 
of Fort Worth v. Pastusek Indus., Inc., 48 S.W.3d 366, 371 (Tex. 
App.—Fort Worth 2001, no pet.).
4.  
Day v. First City Nat’l Bank of Houston, 654 S.W.2d 794, 795 (Tex. 
App.—Houston [14th Dist.] 1983, no writ); see also Labrado, 132 S.W.3d 
at 589.
5.  
See F.D.I.C. v. Nueces County, 886 S.W.2d 766, 767 (Tex. 1994); Pastusek 
Indus., 48 S.W.3d at 371.