IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00093-CV

 

The University of Texas 

Medical Branch at Galveston,

                                                                      Appellant

 v.

 

The Estate of Darla Blackmon, 

By its Beneficiary Sheila Shultz 

and Sheila Shultz Individually,

                                                                      Appellees

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court No. COT-01-33769

 



DISSENTING Opinion TO OPINION ON
THE MERITS

and

DISSENTING OPINION TO ORDER

DISMISSING A MOTION TO DISMISS
AS MOOT










 

          This interlocutory appeal has become moot because the plaintiff,
appellee, has dismissed their claims against the defendant, appellant.  U.T.
takes the position that the general rule that a dismissal can be taken at any
time is superseded by the statute that an interlocutory appeal stays all trial
court proceedings.  Tex. Civ. Prac. &
Rem. Code Ann. § 51.014(b) (Vernon Supp. 2004-05).  Appellee responds
that U.T. is relying on the current statute and this appeal was brought under
the former statute that provided that only the commencement of the trial was
stayed by an interlocutory appeal.  Act of 1985, 69th Leg., ch. 959, § 1, amended
by Act of 2003, 78th Leg., ch. 204, § 1.03 (current version at Tex. Civ. Prac. & Rem. Code Ann. §
51.014(b) (Vernon Supp. 2004-05)).  If we have to rely on the statute, appellee
is correct, and U.T. is wrong.

          But the issue here is much broader
than whether the interlocutory appeal can stay all proceedings in the trial
court or just the commencement of a trial date.  It is questionable whether the
filing of a notice of non-suit is even a “proceeding” within the meaning of the
statute.  A notice of non-suit is just that – a notice.  Once filed, the
plaintiff no longer has a claim pending against U.T.  Without an underlying
claim against the appellant, there is nothing to appeal.  There is no
case-in-controversy.  We have lost jurisdiction because the merits of the
appeal are moot.  “When a cause becomes moot on appeal, all previous orders and
judgments should be set aside and the cause, not merely the appeal, dismissed. 
 Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863 (1943); see
also Barnett v. Conroe Independent School Dist., 455 S.W.2d 376, 381 (Tex.
Civ. App.—Beaumont 1970, no writ).

          The majority opinion is nothing more
than an advisory opinion.  We have no jurisdiction to issue advisory opinions. 
Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641 (1933).  Further, the
majority has it exactly backwards.  The correct ruling is that the motion to
dismiss is granted because the appeal is moot, and anything we say on the merits
of the issue as originally presented is irrelevant.




          Because the majority fails to dismiss
the appeal and issues a purely advisory opinion, I dissent. [1]

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

 

Dissenting
opinion delivered and filed June 22, 2005









[1]
              In the past we have had so
few opinions withdrawn that no particular problems were created if the opinions
were withdrawn by an order separate from the new opinions being issued.  The
problem is that over the past year we have withdrawn numerous opinions, with
and without motions for rehearing, and when on motion for rehearing, with and
without requesting responses.  Issuing multiple opinions in the same appeal
creates confusion.  A person can hold in their hands two opinions from this
Court, both certified by the clerk as authentic, which are not the same.  Our
past practice has been that the latter normally does not reference the
existence of the earlier opinion that is being withdrawn.

            Our past practice did not present a problem when the
issuance of another opinion in the same case was rarely done.  At least the
problem was manageable.  But due to the greatly increased frequency of the
majority issuing multiple opinions, I thought it was an appropriate time to
adopt the procedure utilized by the Texas Supreme Court; to include the order,
and explanation if needed, withdrawing the prior opinion as the first paragraph
of the new opinion.  See e.g., Crown Life Ins. Co. v. Casteel, 22
S.W.3d 378, 381 (Tex. 2000).

            This is a simple procedure for the convenience of
anyone reading the opinions to understand, and easily determine which opinion
is the Court’s final opinion.  This process also allows a researcher,
interested in the ultimate disposition, to easily track backwards, if
necessary, to see the development of the final opinion.  Because the majority
refuses to provide that information in its opinion, I do so in this dissenting
opinion.

            The Court’s opinion affirming the trial court’s
judgment, the judgment, and Justice Vance’s dissenting note, all dated October
13, 2004, were withdrawn by a divided court on April 27, 2005 in a written
order, from which Chief Justice Gray dissented because a new opinion did not
simultaneously replace the earlier one.  The Court’s opinion, Chief Justice
Gray’s dissenting opinion, and the judgment of this date are substituted in
place of the opinion and judgment issued on October 13, 2004.