## DAVY BURNT CLAY BALLAST CO. v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS.

### No. 17803.

Supreme Court of Texas.

Nov. 26, 1930.

See, also, 288 S. W. 855.

Seay, Seay, Malone & Lipscomb, of Dallas, for plaintiff in error.

Thompson, Knight, Baker & Harris, of Dallas, for defendant in error.

### PER CURIAM.

The judgment of the Court of Civil Appeals, 32 S.W.(2d) 209, affirming the order of dismissal of the trial court, is clearly correct. Revised Statutes, article 1867, plainly directed the district court to dismiss this case, for the reason that no mandate had been taken out of the Court of Civil Appeals within one year after the final judgment in that court. The questions as to whether or not the mandate should have issued, as it did issue in this case, out of the Court of Civil Appeals after the expiration of one year from its original final judgment, and the proper construction of article 1775, Revised Statutes, relating to the Supreme Court, we find it unnecessary to pass upon or discuss.

For the reasons stated, the application for writ of error is accordingly refused.

## NOLAND et al. v. MAXEY et al.

### No. 17815.

Supreme Court of Texas.

Nov. 26, 1930.

L. G. Mathews and L. C. Penry, both of Floydada, for plaintiffs in error.

C. D. Russell, of Plainview, for defendants in error.

### PER CURIAM.

The plaintiffs in error filed this suit against defendants in error for the purpose of enjoining them from erecting a school building on a certain site selected by the defendants in error as trustees of a school district. Temporary injunction issued. On appeal to the Court of Civil Appeals at Amarillo, 31 S.W. (2d) 468, the temporary injunction was dissolved and the petition dismissed. The plaintiffs in error, within the time allowed by law, filed their application for writ of error. However, on the presentation of the matter in this court it has been made to appear that the construction of the schoolhouse has been finished, regardless of the status of the case in the courts. There is therefore nothing for this court to determine. If any wrong has been committed by any one, the consideration of a moot case is not the method of righting that wrong. Because the question involved is moot, we dismiss the application.