## HULETT et al. v. BOARD OF TRUSTEES OF WEST LAMAR RURAL HIGH SCHOOL DIST. et al.

### No. 6501.

Court of Civil Appeals of Texas. Texarkana.

March 2, 1950.

Rehearing Denied March 23, 1950.

Leighton Cornett, Paris, C. C. McKinney, Cooper, for appellants.

O. B. Fisher, Paris, for appellees.

WILLIAMS, Justice.

A bond issue in the sum of $110,000, payable serially in specified annual amount over a period of 35 years with the levy of a tax to pay same was approved by a majority vote of the qualified voters of the West Lamar Rural High School District at an election held January 8, 1949.

The petition to the School Board asking for the election, the order of the School Board calling for the election and its posted election notices each specified or identified the proposal to be: "Shall the Board of Trustees * * * be authorized to issue bonds * * * for the purpose of the construction, repair, or equipment of public free school buildings within said district of materials other than wood, and the purchase of the necessary sites therefor." The bonds issued pursuant to the election and later sold and the tax levy made to pay same were all in accord with above proceedings as to amount and maturity dates and levy of taxes. The ballot in this election read: "For the issuance of bonds and levying of tax in payment thereof. Against the issuance of bonds and levying of taxes in payment thereof."

Appellants H. C. Hulett and others, plaintiffs below, are property tax paying

qualified voters who reside in the school district. Appellees here and defendants below are West Lamar Rural High School District, its Board of Trustees, and Clyde Parham, a building contractor.

In their first amended original petition filed October 29, 1948, as grounds for the injunctive relief therein sought, plaintiffs alleged that this school board had theretofore entered into a contract with Clyde Parham to construct school buildings out of wood; that said contractor was then engaged in erecting frame wooden school buildings and the board had used and would continue to use the proceeds from the sale of the bonds in payment for such type of school buildings unless restrained and enjoined from doing so. It was their contention that by virtue of the proposal specified in all the procedure which authorized the election, and the fact that the maturity dates of the serial bonds voted extended over a thirty-five year period, any contract for construction of wooden school buildings and the use of the bond funds in payment for such type of construction constituted a misappropriation of the funds, and such use was illegal, unauthorized and in violation of Art. 2786, R.C.S. of Texas, Vernon's Ann.Civ.St. art. 2786, the pertinent portion of which reads: "All bonds * * * shall be disbursed only for the purpose for which said bonds were issued. * * * Provided, that when the houses are to be built of wood, said bonds shall mature in not more than twenty years from their date. * * * And the proceeds * * * shall be disbursed only for the purpose for which the said bonds were issued * * *."

By way of special exceptions or pleas in abatement defendants challenged the legal capacity of plaintiffs to prosecute this action for injunctive relief; that the action for such equitable relief should be abated in that the County School Superintendent of Lamar County, the County School Trustees of said County, the State Board of Education of Texas and its State Superintendent of Public Instruction who had not been made defendants were necessary parties; that it was not shown under any al-

legations that plaintiffs had invoked or sought to invoke any reviewing powers of above-mentioned school authorities prior to this suit; and that plaintiffs had alleged no facts or in any manner asserted that the plans and specifications of the buildings to be erected did not meet the requirements of the laws of Texas governing the construction of school buildings. Omitting details of their special denials and certain admissions, defendants asserted in further pleadings that the buildings under construction complied with all the laws of Texas and had been approved by the Department of Education of Texas.

"Plaintiffs * * * presented their first amended original petition, duly verified and defendants * * * presented their amended answer, duly verified, denying under oath the allegations contained in plaintiffs' first amended original petition except such as were therein admitted and alleged that the buildings being constructed under the contract referred to in plaintiffs' petition and the plans and specifications made a part of the answer * * * being constructed of brick, asbestos siding, concrete, cast iron, steel, flextone roofing, mortar, sheetrock, celotex, and glass with wood used therein were in compliance with all requirements of the applicable laws of Texas"; and presented their exceptions 1 to 10.

The court having heard said exceptions announced the decision that all special exceptions were considered good and should be sustained, to which ruling and decision the plaintiffs in open court duly excepted and did not amend their petition at the time. Defendants offered and the court received in evidence the contract, plans and specifications mentioned in plaintiffs' amended petition and defendant's amended answer. The defendants further offered in evidence a letter from the Department of Education of Texas approving the plans and specifications for said building and offered to prove the amount that had been spent out of the proceeds from the sale of the bonds for steel, cement, gravel and other material on the ground and in the process of being placed in the

construction of the buildings, to which evidence the plaintiffs objected.

No proof or evidence was offered by plaintiffs and the court having considered plaintiffs' sworn amended petition and defendants' sworn amended answer and the evidence received, is of the opinion and finds that no temporary injunction should be granted and that plaintiffs' amended petition for temporary injunction should be denied.

In the appeal which urges various points in appellants' attack upon above decree denying any injunctive relief, they pray that a temporary injunction be granted and that judgment of the trial court be reversed for trial on its merits. On the day of submission of this cause appellees presented a motion to dismiss the appeal in which it is asserted that the construction of the school building and the gymnasium, the two involved, are now 90 to 95 per cent complete, and no effectual injunctive relief could now have any practical legal effect on the controversy between the litigants.

Under the ex parte affidavits, filed in support of this motion, made by the Superintendent of Schools of Lamar County, the Superintendent of the School district, the President of the Board, the architect and contractor employed on the project it appears that the gymnasium is 90 per cent complete and the school building is 95 per cent complete. The affidavits go into details as to contract price, the amount so paid; the amount and items necessary to complete the buildings for occupancy. In the counter affidavits made and filed by appellants they state the utilities have not been installed and no walks or driveways have been laid. With respect to the gymnasium they stated its "roof is not finished"; "doors not hung"; "inside not finished"; "floor not laid"; "no siding on outside"; and "that each of the buildings contain at least 60 per cent wood." With respect to the degree of completion their affidavits state "the gymnasium is not 90 per cent complete as alleged by appellees, and the construction of the main building does not appear to be 95 per cent complete."

An "appellate court may receive proof or take notice of facts appearing outside the record for the purpose of determining the moot character of a question presented to it." 4 C.J.S., Appeal and Error, § 40, p. 118, Lord v. Veazie, 8 How. 251, 12 L.Ed. 1067. The present state of the two buildings with respect to their respective degree of completion as reflected in the ex parte affidavits support this motion of appellees that no effectual injunctive relief could now have any practical legal effect on the controversy between the litigants.

Applicable to the disposition of this appeal, as stated in Brownlow v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620, quoted with approval by our Supreme Court in City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638, 639, "This court will not proceed to a determination when its judgment would be wholly ineffectual for want of a subject-matter on which it could operate. * * * To adjudicate a cause which no longer exists is a proceeding which this court uniformly has declined to entertain." See also 3 T. J., pp. 966, 967; 3 Am.Jur., Appeal and Error, Sec. 733; 4 C.J.S., Appeal and Error, § 1354; Finger, Inc. v. Washington County, Tex.Civ.App., 131 S.W.2d 323; Noland v. Maxey, 119 Tex. 462, 32 S.W. 2d 822. The situation as now exists may be compared to the observation made in Harrison v. Bryan, 148 N.C. 315, 62 S.E. 305, "The tree described in the pleadings has been cut down by the city * * * and that there is nothing now to enjoin * * *."

Because the question involved is moot, in that no effectual injunctive relief could now have any practical legal effect on the controversy between the litigants, this appeal is dismissed without prejudice to the suit pending on the docket of the trial court.

Appeal dismissed.