## H. C. Hulett et al v. West Lamar Rural High School District et al.

No. A-2686. Decided July 12, 1950.
Rehearing overruled October 4, 1950.
(232 S. W., 2d Series, 669.)

*Leighton Cornett* and *C. C. McKinney*, of Paris, for petitioners.

The Court of Civil Appeals committed error in dismissing the appeal and in upholding the error committed by the trial court. Osborne v. Keith, 142 Texas 262, 177 S. W. 2d 198; Terrell v. Middleton, 187 S. W. 367, error refused, 108 Texas 14; Hudson v. San Antonio Ind. Sch. Dist., 95 S. W. 2d 673, 127 Texas 517.

*O. B. Fisher*, of Paris, for respondent.

MR. JUSTICE HART delivered the opinion of the Court.

This suit was brought by tax-paying citizens residing within the West Lamar Rural High School District of Lamar County against the District and its Board of Trustees and Clyde Parham, a building contractor, to enjoin the defendants from carrying out a contract for the construction of school buildings. In their amended petition the plaintiff allege that the contract was illegal and void because it provided for the expenditure of proceeds from the sale of bonds for an unauthorized purpose in violation of Article 2786, Revised Civil Statutes. Specifically, it was contended that the contract provided for the construction of buildings out of wood, whereas pursuant to the provisions of Article 2786 the petition for the bond election, the order of the school board calling the election, and the election notices provided for the construction of school buildings "of materials other than wood." The defendants' amended answer included numerous special exceptions, all of which were sustained by the district court. Although it had sustained these exceptions, the court heard evidence offered by the defendants and entered an order denying a temporary injunction. An appeal was taken to the Court of Civil Appeals from this order. In that court the appellees filed affidavits showing that the construction of the buildings was "90 to 95 per cent complete" and a motion to dismiss the appeal was sustained. 229 S. W. 2d 839. We granted a writ of error upon the assignment that the Court of Civil Appeals had erred in dismissing the appeal, the affidavits before that court showing, in our opinion, that substantial sums remained to be paid under the contract and therefore that the question involved was not moot.

On the day oral argument was heard in this court, the respondents presented their motion to dismiss the appeal on the ground that the case had become moot, supported by an affidavit showing that the contract had been fully performed, that the

buildings had been accepted by the school authorities, and that the contract price had been fully paid by the school district to the contractor. These statements of fact have not been controverted by the petitioners.

■■ It is apparent that under the facts made known to us it is no longer possible for the petitioners to be granted injunctive relief. If this is the only form of relief to which they would be entitled in any event, then it is clear that the case is moot. Noland v. Maxey, 119 Texas 462, 32 S. W. 2d 822; City of West University Place v. Martin, 132 Texas 354, 123 S. W. 2d 638; Danciger Oil Co. v. Railroad Commission, 122 Texas 243, 56 S. W. 2d 1075; 3-A Tex. Jur. "Appeal and Error-Civil Cases", sec. 37. Petitioners urge, however, that they are entitled to have the contract declared to be illegal and void, even though they can no longer prevent its performance. In this connection, petitioners cite Chippewa Bridge Co. v. City of Durand, 122 Wis. 85, 99 N. W. 603, 106 Am. St. Rep. 931, where it was held that a taxpayer could maintain a suit for the recovery of funds illegally expended, although the contract had been fully performed pending the suit and therefore no injunction could be issued. The difficulty with this contention is that it is settled in Texas, apparently contrary to the holdings in other states, that once a public contract has been performed, a private citizen is not authorized to maintain a suit to recover any sums that may have been illegally expended. This is the holding in Hoffman v. Davis, 128 Texas 503, 100 S. W. 2d 94, where it is pointed out that only a public officer may prosecute such a suit. In that case it is also noted that even though the contract was illegal, the school district or other governmental agency must account for the benefits derived from the performance of the contract, citing Sluder v. City of San Antonio, (Tex. Comm. App.), 2 S. W. 2d 841. Hoffman v. Davis, supra, was expressly followed in Murray v. Harris, (Tex. Civ. App.), 208 S. W. 2d 626. There it was held that taxpayers could not maintain a suit for school district funds allegedly paid out illegally, the court saying: (208 S. W. 2d at 627.)

"In the case at bar plaintiffs' pleadings on which they sought recovery show that the funds of the district had already been spent. It follows that their suit falls under the rule above quoted. It is true that appellants cite cases from other jurisdictions that seem to hold to the contrary. A discussion of these cases would be of no avail for the reason that our courts do not follow them."

The conclusion to be drawn from these holdings as applied to this case, under presently existing facts, is that the petitioners, being private citizens, have no standing to attack the validity of the contract or the expenditure of public funds thereunder. Since the case has become moot for this reason, the proper order to be entered is not one dismissing the appeal, which would leave in force the judgment of the trial court in effect upholding the validity of the contract, but the judgments of the lower courts should be reversed and the cause dismissed because of the want of authority in petitioners to maintain the suit under the present facts. Freeman v. Burrows, 141 Texas 318, 171 S. W. 2d 863; 3-B Tex. Jur. "Appeal and Error-Civil Cases," sec. 822. Of course, this judgment is not to be taken as an adjudication of the validity or invalidity of the contract in question.

The judgments of the Court of Civil Appeals and the district court are reversed and the cause is dismissed. Under Rule 501, T. R. C. P., costs in all courts are adjudged one-half against petitioners and one-half against respondents.

Opinion delivered July 12, 1950.