ASSOCIATED GENERAL CONTRAC-
TORS OF TEXAS, INC., et
al., Appellants,

v.

The CITY OF CORPUS CHRISTI,
et al., Appellees.

No. 13–84–306–CV.

Court of Appeals of Texas,
Corpus Christi.

April 30, 1985.

Charles W. Stuber, Canterbury, Stuber, Elder & Gooch, Dallas, for appellants.

Hal George, Asst. City Atty., Corpus Christi, for appellees.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

Appellants filed suit to enjoin the execution of a contract between the City of Corpus Christi and A. Ortiz Construction and Paving, Inc., appellees, and for a declaratory judgment that the contract was unlawful. The trial court denied appellants' request.

By cross-points of error, appellees challenge appellants' standing to sue.

In order to maintain a suit, a party must have standing to litigate the matters in issue. "Standing consists of some interest peculiar to the person individually and not as a member of the general public. This general rule of standing is applied in all cases absent a statutory exception to the contrary." *Hunt v. Bass*, 664 S.W.2d 323 (Tex.1984).

As a general rule, in addition to those situations where the plaintiff is expressly authorized by statute or ordinance to

bring suit against public officials whose acts or omissions are attacked, a person has standing to sue, if: 1) he has sustained, or is immediately in danger of sustaining, some direct injury as a result of the wrongful act of which he complains; 2) he has a direct relationship between the alleged injury and claim sought to be adjudicated; 3) he has a personal stake in the controversy; 4) the challenged action has caused the plaintiff some injury in fact, either economic, ethic, recreational, environmental, or otherwise; or 5) he is an appropriate party to assert the public's interest in the matter, as well as his own interest.

*Housing Authority v. State ex rel. Velasquez,* 539 S.W.2d 911, 913–914 (Tex.Civ. App.—Corpus Christi 1976, writ ref'd n.r. e.).

In cross point of error number two, appellees contest the standing of Robert T. Edlin, a resident and taxpayer in Corpus Christi.

Taxpayers are granted standing to sue to enjoin the performance of and payment for any contracts for public works governed by the laws with respect to competitive bidding. Article 2368a, § 2 explains the requirements governing competitive bidding on contracts for public works. Subsection (d) provides that:

> Any and all contracts or agreements hereafter made by any county or city in this state, without complying with the terms of this section, shall be void and shall not be enforceable in any court of this state and the performance of same and the payment of any money thereunder may be enjoined by any property taxpaying citizen of such county and city.

Appellees' second cross point of error is overruled.

Since it is apparent that at least one of the appellants has standing to bring this suit and since the issues presented by all appellants are identical, the question of standing of the other appellants is not controlling and will not be addressed.

In cross point of error number four, appellees claim that this cause of action is moot because the contract has been awarded and the work is in progress. For support, appellees rely on *Hulett v. Board of Trustees of West Lamar Rural High School District,* 229 S.W.2d 839 (Tex.Civ. App.—Texarkana 1950) which was *reversed* by the Supreme Court in 149 Tex. 289, 232 S.W.2d 669 (1950). In *Hulett,* the construction was 90–95% complete when the appeal was filed. The Court of Appeals, at p. 841 of its opinion, held that based upon the degree of completion, no effective injunctive relief that would have any practical effect on the controversy between the parties could be granted, and dismissed the appeal. The Supreme Court, 232 S.W.2d at p. 669 of its opinion, held that since the buildings had been completed and the contractor paid, the cause of action was moot and the cause, not merely the appeal, should be dismissed.

In the case at bar, construction was only 45% complete at the time the appeal was filed, according to appellees' affidavit. A Supplementary Affidavit places completion at 67% currently. Appellants' requested relief, that the work be enjoined and the remainder of the contract be awarded under properly held competitive bidding or, alternatively, that the remainder be awarded to Maverick, is still feasible injunctive relief which will have a practical effect on the controversy between the parties. Therefore, the cause of action is not moot. Cross-point of error number four is overruled.

This suit arose from a contract for construction of street improvements which was let through competitive bidding. Bids were received from five contractors. The lowest bid submitted was from A. Ortiz Construction and Paving, Inc., appellee. An examination of his bid disclosed a discrepancy between the bid per square yard of paving repair and the total dollar amount bid for such paving repair. The square yard figure was $30.00 per square yard for 418 square yards and the total amount showed $1,254.00. Simple multipli-

cation shows that $30.00 per square yard is $12,540.00.

Upon being notified of this discrepancy, Ortiz stated he would agree to be bound by the lesser figure. Thereupon, the City Council let the contract to Ortiz as the low bidder.

Appellants' first complaint is that the trial court implied a finding that the discrepancy in the Ortiz bid constituted a waivable irregularity. Their first seven points of error then set out seven of the trial court's thirty-four findings of facts and conclusions of law which they contend are the basis of this complaint.

 Appellants thoroughly discussed the differences between the contract terms "irregularities" and "discrepancies" in the bid papers. They suggest that the doctrine of "ejusdem generis" should be applied to determine the meaning of the term "irregularity" in the Notice to Bidders and Bid Specifications. Under their theory, Section B-2-12 of the proposal which states proposals will be considered irregular "if they show any omission, failure to account for duly issued addenda, ... or irregularities of any kind," must be limited in its construction to things of the same class as those specifically mentioned. The error in appellees' bid was not of the class described.

Appellants' position ignores the basic right of the City of Corpus Christi to reject any and all bids and to determine the most advantageous bid for the city. Art. IX Sec. 14(c), Corpus Christi City Charter. These provisions are also included in the Notice to Bidders and Bid Specifications. Nor can any exercise in semantics change the fact that Ortiz agreed to do the job for the lowest total cost, $868,987.14.

The language of the City Charter, the bid proposals and specifications are clear and unambiguous and, therefore, the construction rule of "ejusdem generis" does not apply. *See Haney v. Minnesota Mutual Life Insurance Company*, 505 S.W.2d 325 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.); *Watkins v. Certain-Teed Products Corporation*, 231 S.W.2d 981 (Tex.Civ.App.—Amarillo 1950, no writ).

 Appellees had the right to select the bid most advantageous, that of Ortiz, and reject all other bids. *See A & A Construction Co., Inc. v. City of Corpus Christi*, 527 S.W.2d 833 (Tex.Civ.App.—Corpus Christi 1975, no writ). Appellants' first seven points of error are overruled.

Since we have overruled appellants' first seven points of error, which were dispositive of the case, it is not necessary to address appellants' remaining points of error. TEX.R.CIV.P. 451 (Vernon Supp. 1985).

The judgment of the trial court is AFFIRMED.