NUMBER 13-03-00329-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


ROMEO L. LOMAS AND W.A.T.E.R.,

A PRIVATE NON-PROFIT ASSOCIATION,                                   Appellants,

 

                                                             v.

 

SOUTH TEXAS WATER AUTHORITY A/K/A SOUTH

TEXAS WATER AUTHORITY INDUSTRIAL

DEVELOPMENT CORPORATION,                                                    Appellee.

                                                                                                                       


    On appeal from the 105th District Court of Kleberg County,
Texas.

                                                                                                                       


                       MEMORANDUM OPINION

 

      Before Chief Justice Valdez and Justices Hinojosa and
Castillo

                         Memorandum
Opinion by Justice Hinojosa

 








Appellants, Romeo L. Lomas (ALomas@) and W.A.T.E.R.,[1]
a private non-profit association, appeal from the trial court=s order granting the motion for summary
judgment of appellee, South Texas Water Authority (ASTWA@).  In
their suit against STWA, appellants sought a declaratory judgment and damages
for the breach or intentional misapplication of a water supply contract between
the City of Kingsville, Texas and STWA. 
In its motion for summary judgment, STWA asserted that appellants did
not have standing to receive the relief sought and were not third-party
beneficiaries of the contract.  In five
issues, appellants contend the trial court erred in granting the motion.  We affirm in part and reverse and remand in
part.

The issues of law presented by this case are
well settled and the parties are familiar with the facts.  Therefore, we will not recite the law and
facts here except as necessary to advise the parties of the Court=s decision and the basic reasons for
it.  See Tex. R. App. P. 47.4.

                                                     A.  Standard
of Review








We review the granting of a motion for
summary judgment de novo.  See
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Tex.
Commerce Bank‑Rio Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex.
App.BCorpus Christi 2000, pet. denied).  For summary judgment to be proper, the
evidence must establish as a matter of law that there is no genuine issue of
material fact as to any of the essential elements of the plaintiff=s cause of action or that the defendant has
conclusively established all elements of an affirmative defense.  Walker v. Harris, 924 S.W.2d 375, 377
(Tex. 1996); Crain v. Smith, 22 S.W.3d 58, 59 (Tex. App.BCorpus Christi 2000, no pet.).  In deciding whether to sustain a summary
judgment, we accept all evidence favorable to the non‑movant as true, and
make all reasonable inferences and resolve all doubts in the non‑movant=s favor. 
Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997);
see also Mission Consol. Indep. Sch. Dist. v. Flores, 39 S.W.3d 674, 676
(Tex. App.BCorpus Christi 2001, no pet.) (noting that
for purposes of standing we take as true all allegations made in pleadings). 

                                                                 B.  Standing

In their fourth issue, appellants contend
they have standing to maintain this action. 
In order to establish standing, a party must demonstrate some interest
peculiar to himself individually and not solely as a member of the general
public.[2]  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 555-56 (Tex. 2000); Hunt v. Bass, 664 S.W.2d 323, 324 (Tex.
1984).  As a general rule, a person has
standing to sue if:  (1) he has
sustained, or is immediately in danger of sustaining, some direct injury as a
result of the wrongful act of which he complains; (2) he has a direct
relationship between the alleged injury and claim sought to be adjudicated; (3)
he has a personal stake in the controversy; (4) the challenged action has
caused the plaintiff some injury in fact, either economic, ethic, recreational,
environmental, or otherwise; or (5) he is an appropriate party to assert the
public=s interest in the matter, as well as his own
interest.  Associated Gen.
Contractors, Inc. v. City of Corpus Christi, 694 S.W.2d 581, 581‑82
(Tex. App.BCorpus Christi 1985, no writ). 

                                                                     1.  Lomas








We first address whether Lomas, an
individual member of W.A.T.E.R., has standing to sue in his individual
capacity.  See Tex. Ass=n of Bus., 852 S.W.2d at 447.  Lomas
asserts he is a citizen and taxpayer of the City of Kingsville and a regulated
ratepayer of STWA.   Appellants allege
that pursuant to the breach or misapplication of the water supply contract,
ratepayers residing in Kingsville bear a disproportionate and discriminatory
percentage of the operating expenses and remaining debt service of STWA than
users residing in other municipal districts within the boundaries of STWA,
resulting in actual economic harm. 
Appellants further assert that there is no reasonable rationale for the
disparate treatment and there is no economic difference to STWA in obtaining
and providing water, nor is there a difference in the value of the service
provided to the residents of Kingsville versus residents of other areas. 

When an organization assumes the role of
supplying water to consumers, it has a duty to supply the water Aimpartially to all reasonably within the
reach of its pipes and mains.  This
service must be given without discrimination between persons similarly situated
or under circumstances substantially the same.@  City
of Galveston v. Kenner, 240 S.W. 894, 895 (Tex. 1922); see also City of
Texarkana v. Wiggins, 246 S.W.2d 622, 624 (Tex. 1952) (stating that an
organization engaged in providing a utility service Amay not discriminate in charges or service
as between persons similarly situated.@). 
Accepting as true all allegations made by appellants, we conclude that
Lomas, an individual member of W.A.T.E.R., has shown a peculiar interest that
sufficiently sets himself apart from the public at large and establishes
standing to maintain suit.  Accordingly,
that part of appellants= fourth issue relating to Lomas=s claims against STWA is sustained.

                                                                  2.  W.A.T.E.R.








 W.A.T.E.R. is a private non-profit association
established by citizens of Kingsville for the purpose of protecting the
interests of its members in achieving equal and fair treatment as ratepayers of
STWA.  To establish associational
standing for W.A.T.E.R. to sue on behalf of its members, the record must show
that (1) W.A.T.E.R. members would otherwise have standing to sue in their own
right, (2) the interests W.A.T.E.R. seeks to protect are germane to its
organizational purpose, and (3) neither the claim asserted nor the relief
requested requires the participation of individual members in the lawsuit.  See Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 447 (Tex. 1993) (citing Hunt
v. Wash. State Apple Adver. Comm=n, 432 U.S. 333, 343 (1977)); see also Lake Medina Conservation Soc=y v. Tex. Natural Res. Conservation Comm=n, 980 S.W.2d 511, 515 (Tex. App.BAustin 1998, pet denied).

We have already determined that Lomas, an
individual member of W.A.T.E.R., has standing to sue on his own behalf.  Therefore, W.A.T.E.R. meets the first
requirement to have associational standing.

We next look to whether the interests
W.A.T.E.R. seeks to protect are germane to its organizational purpose.  See Tex. Ass=n of Bus., 852 S.W.2d at 447.  This suit
was brought for the purpose of achieving equality in the percentage of costs
borne by all ratepayers of STWA. 
W.A.T.E.R. was formed specifically for the purpose of asserting and
protecting this interest.  We conclude
that W.A.T.E.R.=s interest in this suit is germane to its
organizational purpose. 








Finally, W.A.T.E.R. must show that neither
the claim asserted nor the relief requested requires the participation of
individual members in the lawsuit.  See
id.  W.A.T.E.R. seeks relief in the
form of both (1) a declaratory judgment determining the proper construction of
the water supply contract, particularly sections 3(a) and 3(b) dealing with
prices and terms, and a determination of the rights and liabilities of the
parties, and (2) money damages for overcharges paid by residents of the City of
Kingsville.  

Whether an association has standing to bring
suit on behalf of its members Adepends in substantial measure on the nature
of the relief sought.@  Tex.
Ass=n of Bus., 852 S.W.2d at 448 (citing Hunt, 432 U.S. at 343).  If the association seeks Aa declaration, injunction, or some other
form of prospective relief, it can reasonably be supposed that the remedy, if
granted, will inure to the benefit of those members of the association actually
injured.@  Id.
 However, an association Ashould not be allowed to sue on behalf of
its members when the claim asserted requires the participation of the members
individually rather than as an association, such as when the members seek to
recover money damages and the amount of damages varies with each member.@  Id.
at 447.








Because W.A.T.E.R. alleges no economic
damage to itself nor any assignment of the damages claims of its members, the
association itself is not entitled to any monetary damage award.  See Warth v. Seldin, 422 U.S.
490, 515 (1975); see also Dep=t of Hous. & Urban Dev. v. Nueces County
Appraisal Dist., 875 S.W.2d
377, 379 (Tex. App.BCorpus Christi 1994, no writ) (noting that
to have standing a plaintiff must have a personal stake in the outcome of the
controversy).  Further, while the
aggregate amount of damages can be calculated based on statistical data and
would not require the examination of individual ratepayers, the amount of
damages shared by individual ratepayers varies and would require Aindividualized proof.@  Warth,
422 U.S. at 515-16; see also Tex. Ass=n of Bus., 852 S.W.2d at 448.  Therefore,
to obtain relief in the form of damages, each member alleging damages would
have to be a party to the suit.  See
Tex. Ass=n of Bus., 852 S.W.2d at 448; see also Warth, 422 U.S. at 516.  We hold that W.A.T.E.R. does not have
standing to seek damages on behalf of its members.  Therefore, that part of appellants= fourth issue relating to W.A.T.E.R.=s claim for damages is overruled.

The declaratory judgment sought by W.A.T.E.R.,
however, constitutes prospective relief. 
To obtain such relief, it is not necessary to prove the individual
circumstances of its members.  We hold
that W.A.T.E.R. meets all three requirements and has proper associational
standing to pursue a declaratory judgment. 
Accordingly, that part of appellants= fourth issue relating to W.A.T.E.R.=s suit for declaratory judgment is
sustained.

                                               C.  Third-Party
Beneficiaries








In their second issue, appellants assert
that they are third-party beneficiaries of the contract between STWA and the
City of Kingsville.  A third party may
recover on a contract made between other parties only if the parties intended
to secure a benefit to that third party, and only if the contracting parties
entered into the contract directly for the third party=s benefit. 
Stine v. Stewart, 80 S.W.3d 586, 589 (Tex. 2002); MCI
Telecomm. Corp. v. Tex. Util. Elec. Co., 995 S.W.2d 647, 651 (Tex.
1999).  A court will not create a third‑party
beneficiary contract by implication; the contract must clearly and fully
express an intent to confer a direct benefit to a third party.  Stine, 80 S.W.3d at 589; MCI,
995 S.W.2d at 651.  Third parties who
only receive an incidental benefit do not have a right to enforce a
contract.  Stine, 80 S.W.3d at
589; MCI, 995 S.W.2d at 651.  A
party is a Acreditor@ beneficiary to a contract, and therefore an
intended third‑party beneficiary, if performance under the contract Awill come to him in satisfaction of a legal
duty owed to him by the promisee.@  MCI,
995 S.W.2d at 651 (citing 1 Williston on
Contracts ' 356 (3d ed. 1959)); see also Stine,
80 S.W.3d at 589.  This legal duty may be
an indebtedness, contractual obligation, or other legally enforceable
commitment owed to the third party.  See MCI, 995 S.W.2d at 651.

We agree with STWA that the contract is not
ambiguous with respect to its application to third-parties.[3]  Therefore, the construction is a question of
law for the court.  See id. at
650-51; DeWitt County Elec. Co‑op, Inc. v. Parks, 1 S.W.3d 96, 100
(Tex. 1999).  In construing a written
instrument, our primary concern is to ascertain the true intent of the parties
as expressed in the instrument.  Coker
v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). 
To determine the parties= intent, we must examine the entire
agreement and give effect to all provisions, so that none are rendered
meaningless.  See Stine, 80 S.W.3d
at 589; MCI, 995 S.W.2d at 652. 
Further, A[u]nder generally accepted principles of
contract interpretation, all writings that pertain to the same transaction will
be considered together, even if they were executed at different times.@  Dewitt
County Elec. Coop., 1 S.W.3d at 102 (citing Restatement (Second) of Contracts ' 202(2) (1981)). 

STWA is a conservation and reclamation
district created by the legislature pursuant to Article XVI, Section 59 of the
Texas Constitution.  See Tex. Const. art. XVI ' 59(b) (Vernon 1993).  AA district created under this section of the
constitution has only those powers expressly granted by statute.@ 
Harlingen Irrigation Dist. Cameron County No. 1 v. Caprock
Communications Corp., 49
S.W.3d 520, 536 (Tex. App.BCorpus Christi 2001, pet. denied).








STWA=s enabling legislation states that its
purpose is: 

for the benefit of the people of this state
and for the improvement of their properties and industries, and [STWA], in
carrying out the purposes of this Act, will be performing an essential public
function under the constitution.   

 

South Texas Water Authority, 66th Leg.,
R.S., ch. 436, ' 22, 1979 Tex. Gen. Laws 995.  The enabling legislation grants STWA powers Ato enter into and enforce contracts@ for any purpose relating to its powers and
specifically authorizes the cities of Agua Dulce, Bishop, Driscoll, and Kingsville
to enter into contracts with STWA for any purpose relating to its powers or
functions.  South Texas Water Authority,
66th Leg., R.S., ch. 436, '' 9(a)-9(b), 1979 Tex. Gen. Laws 989.   

The water supply contract between STWA and
the City of Kingsville specifically states that it is entered into pursuant to
STWA=s enabling legislation which requires STWA
to act for the benefit of the people it serves. 
Further, the preamble states, in part:

WHEREAS [STWA] is constructing a water
transmission line from the City of Corpus Christi, to furnish treated water to
be sold to municipal and industrial customers . . . [STWA] agrees to sell and
City [of Kingsville] agrees to purchase water under the terms and conditions
and for the considerations hereinafter set forth.

 

Taking into account both the language of the
contract and the legislation to which STWA is subject, we hold that the
contract clearly and fully expresses the intent that the residents of
Kingsville be third-party beneficiaries of the water supply contract entered
into by and between STWA and the City of Kingsville.  Appellants= second issue is sustained.

                                                              D.  Conclusion








We hold the trial court did not err in
granting that part of STWA=s motion for summary judgment regarding
W.A.T.E.R.=s claim for damages.  We hold the trial court erred in granting the
rest of STWA=s motion for summary judgment.  In view of our disposition of appellants= second and fourth issues, it is unnecessary
to address the remaining three issues.  See
Tex. R. App. P. 47.1.

 We
affirm only that part of the trial court=s summary judgment regarding W.A.T.E.R.=s claim for damages. We reverse the
remainder of the trial court=s summary judgment and remand the case to
the trial court for further proceedings consistent with this opinion.  

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum
Opinion delivered and filed this

the
28th day of July, 2005.











[1]
Citizens for Water
Acquired Through Equal Rates.





[2] In Texas, the exception to this
general rule is that Aa taxpayer has standing to sue in
equity to enjoin the illegal expenditure of public funds, even without showing
a distinct injury.@ 
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 556 (Tex.
2000).  STWA argues that appellants do
not meet this exception because no portion of the funds expended have been or
are to be raised by taxation.  However,
because we conclude that appellants have shown a peculiar interest sufficient
to establish standing, we hold it is not necessary to address this issue.   





[3]
Because the interpretation
and effect of the sections of the contract dealing with rates and pricing were
not raised by STWA=s motion for summary judgment, we
express no opinion as to whether they are ambiguous.