# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00578-CV

**Hutto Citizens Group; Mahlon Arnett; Robbie Arnett; and TJFA, L.P., Appellants**

**v.**

**County of Williamson and Waste Management of Texas, Inc., Appellees**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 07-748-C368, HONORABLE BURT CARNES, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellees County of Williamson and Waste Management of Texas, Inc. filed motions to dismiss this appeal as moot. We grant the motions to dismiss.

The county filed this suit seeking a declaration that its 2003 Amended and Restated Williamson County Landfill Operation Agreement with Waste Management was void or voidable for several reasons, including that it was not adopted in compliance with statutes requiring a bidding process. Appellants intervened in the suit aligned with the county. In their second amended petition, appellants requested "a declaration, pursuant to the Texas Declaratory Judgment Act, that the 2003 Landfill Contract, as authorized by the Commissioners on or about October 28, 2003, was not properly authorized, for an order declaring the contract to be void, and for an injunction against the performance of the contract, pursuant to the provisions of the County Purchasing Act."

The county and Waste Management both filed motions to strike the plea in intervention and the parties filed motions for summary judgment. The court granted the motions to

strike, denied the county's motion for summary judgment, and granted Waste Management's motion for summary judgment.[1] The court stated: "It is the declaration of the Court that the Amended and Restated Williamson County Landfill Operation Agreement dated October 26, 2003, is not void or voidable but, rather, remains in full force and effect." The court did not state a specific ground for summary judgment or specific reason supporting its declaration. The court denied all relief not specifically granted, which included requests for attorneys' fees. Both the county and the intervenors appealed, but the county later dismissed its appeal, leaving intervenors as the sole appellants.

The county and Waste Management filed motions to dismiss this appeal, asserting that they entered a new contract in 2009 that supersedes the 2003 contract. Accordingly, they argue, appellants' request for a declaration regarding the validity of the 2003 contract is moot, citing *Hulett v. West Lamar Rural High School District*, 232 S.W.2d 669, 670 (Tex. 1950).

Appellants contend that this appeal is not moot despite the fact that the contract is no longer in effect, arguing that the issues are capable of repetition, involve the public interest, and are evading review. They cite the commissioners court's use of a no-bid process for the

---

[1] Waste Management's motion for summary judgment was predicated on several theories under which bidding is not required, including the following: (1) the county purchasing act does not apply because the county received funds and the act applies only to expenditures, *see* Tex. Loc. Gov't Code Ann. § 262.023(a) (West Supp. 2008); (2) the county solid waste act permits counties to enter into operating agreements on terms and conditions considered desirable, *see* Tex. Health & & Safety Code Ann. § 364.013(4) (West 2001); (3) the public works/construction contract statutes' competitive bidding procedures do not apply here because no other statute requires bidding, *see* Tex. Loc. Gov't Code Ann. § 271.024 (West 2005); (4) purchases related to landfills are excepted from the bidding requirements, *see id*. § 262.024 (West Supp. 2008); (5) the contract is excepted from bidding requirements because it is merely an amendment of the 1990 agreement, *see id*. § 262.031 (West 2005); and (6) the contract is an operating agreement not subject to bidding requirements applicable to leases.

2009 contract[2] as illustrating that the challenged procedure has already been repeated and is functioning to help the issue evade review.

The dispute over the validity of the 2003 contract is moot. A case becomes moot if a controversy ceases to exist among the parties at any stage of the legal proceedings, including the appeal. *In re Kellogg Brown & Root*, 166 S.W.3d 732, 737 (Tex. 2005). A case becomes moot when a party seeks a judgment on some matter that, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy. *Texas Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 846-47 (Tex. App.—Austin 2002, pet. denied). Appellants do not seek damages from the existence of the contract, but seek to intervene and obtain a declaration that the 2003 contract is void or voidable. Because the 2003 contract has been superseded by the 2009 contract, a declaration that the 2003 contract is void or voidable would have no practical legal effect because it would declare invalid a contract that is no longer in effect.

---

[2] In the order authorizing the 2009 contract, the Williamson County Commissioners Court expressly relied on the district court's judgment in the underlying case to support their procedures in entering the new contract. Referring to the district court's judgment, the commissioners stated:

> In a judgment that addressed procedural issues including competitive bidding, but not the substance of the contract, the District Court declared on July 18, 2008, that the 2003 contract "is not void or voidable but, rather, remains in full force and effect." County and Contractor were parties to that lawsuit and are bound by the judgment as res judicata. The Commissioners Court has agreed to comply.

The commissioners then opined that the contract is exempt from bidding requirements of the county purchasing act in chapter 262 of the local government code. The commissioners also found that Waste Management's possession of the property is as a landfill contractor and not pursuant to a lease and, therefore, is not subject to bidding requirements governing leases.

The question remaining is whether this case fits within an exception to the mootness doctrine. Courts may rule on the merits of moot cases if "the challenged act is of such short duration that the appellant cannot obtain review before the issue becomes moot." *Blum v. Lanier*, 997 S.W.2d 259, 264 (Tex. 1999); *General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990). Such cases are described as capable of repetition yet evading review. *Blum*, 997 S.W.3d at 264. There must also be a reasonable expectation that the same action will occur again if the issue is not considered. *Id*. (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).

In *Blum*, the supreme court considered a challenge to the language of a proposed charter amendment even though the election was held and the proposed amendment defeated. 997 S.W.2d at 264. The supreme court held that, because the City could dictate to some extent the amount of time the parties had to challenge the election by manipulating the election date, the challenge met the time component of the test. The supreme court also held that the challenged action was capable of repetition because the City could manipulate the language of future charter amendments. *Id*. Therefore, the supreme court held that the challenge was excepted from the mootness doctrine and could be considered.

Similarly, this Court held that a state agency could not get a suit to stop destruction of documents dismissed as moot merely by ceasing the destruction. *Davis v. Burnam*, 137 S.W.3d 325, 333 (Tex. App.—Austin 2004, no pet.). This Court held that, when the duration of the challenged action is in the hands of the party opposing the challenge to that action, the exception to the mootness doctrine is particularly implicated. *Id*. This Court warned that the agency could frustrate review and escape injunctive relief by stopping the destruction long enough to get the suit dismissed as moot, then resume destroying documents when the suit was dismissed. *Id*.

Accordingly, this Court reversed the district court's determination that the issue before it was moot. *Id*. at 333-34.

There are significant distinctions between this case and *Blum* and *Davis*. Unlike the election in *Blum* in which mootness arose because absentee voting began within a few days of the challenge or the cessation of document destruction in *Davis*, the contract in dispute did not expire too quickly to be subject to review. The contract was in effect for forty-six months before the county filed this suit and the appellants intervened. The district court ruled on the motions for summary judgment within ten months of the filing of this case—several months before the mootness issue arose. The 2009 contract mooting this dispute was entered more than five years into the 2003 contract and almost seven months after the district court's ruling against appellants. Thus, the 2009 contract did not entirely preempt judicial review of the contract and did not serve as a device to effectively vacate an unfavorable ruling. The contract required the agreement of the county and Waste Management, so the event that mooted the controversy over the 2003 contract was not within the sole control of Waste Management and was not as simple as, for example, turning off shredders. These facts are inconsistent with the requirement that the "challenged act is of such short duration that the appellant cannot obtain review before the issue becomes moot." *See Blum*, 997 S.W.2d at 264. Appellants could have sought review sooner, but did not. Their claims were nevertheless reviewed—and rejected—before the issue became moot. The facts of this case do not meet the first requirement of the exception to the mootness doctrine.[3]

---

[3] Appellants argue that the use of the no-bid procedure in 2009 shows that the action challenged is not just theoretically capable of repetition, but has, in fact, been repeated. The facts before us do not justify invocation of the exception to mootness on this basis. Even if we were to declare the 2003 contract void or voidable based on the absence of compliance with bidding

Similarly, the facts of this case do not justify application of the public interest exception to mootness. That exception "allows appellate review of a question of considerable public importance if that question is capable of repetition between either the same parties or other members of the public but for some reason evades appellate review." *University Interscholastic League v. Buchanan*, 848 S.W.2d 298, 303 (Tex. App.—Austin 1993, no writ); *see also Texas Dep't of Pub. Safety v. LaFleur*, 32 S.W.3d 911, 914 (Tex. App.—Texarkana 2000, no pet.). The dispute over whether the county can contract with Waste Management without competitive bidding is again raised by the 2009 contract, but we do not find that such repetition justifies review of moot disputes over the 2003 contract. Despite the fact that both contracts were entered without bidding, it is not clear that a challenge to the 2009 contract will be merely repetitious of this challenge to the 2003 contract. One clear difference in the posture of this case from a potential challenge to the 2009 contract is that, while the county challenged the 2003 contract's noncompliance with bidding requirements, it openly disclaims the applicability of those requirements when authorizing the 2009 contract. This case is different from cases that become moot automatically because of the passage of months that lead to the end of a sports season or the graduation of the players (*UIL*, 848 S.W.2d at 303-04) or the expiration of a handgun permit (*LaFleur*, 32 S.W.3d at 914). The event that made the dispute moot in this case—the renegotiation of the contract—was later in coming and not as predictable as those examples. We might be more inclined to conclude that this case fit the public interest exception if the county were entering a series of contracts raising issues

requirements, appellants would then have to challenge the 2009 contract and show that it, too, is subject to the bidding requirements. Any advisory opinion from this Court about the superseded 2003 agreement would not likely conserve the resources of the parties or the judicial system.

6

that evaded review because the contracts were short-term or because the county renegotiated whenever an existing contract was challenged. Instead, we have a contract that was challenged almost four years into its existence, was upheld by the district court, and was superseded more than five years after its inception by a contract set to last for forty years or the life of the landfill, whichever is shorter. While the county's waste management contracts are within the public interest, we conclude that, under these circumstances, this case does not fit within the public interest exception to mootness.

Appellants also contend that their request for attorneys' fees compels us to consider the merits of their appeal. *See Griffin v. Birkman*, 266 S.W.3d 189, 193-94 (Tex. App.—Austin 2008, pet. denied) (citing *Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988) (holding that "live" request for attorneys' fees can "breathe[] life into the appeal")). A request for attorneys' fees can only breathe life into an appeal where attorneys' fees were erroneously denied below. *Compare Camarena*, 754 S.W.2d at 151, *with Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 229-30 (Tex. 1993) (plaintiffs lost on merits and therefore not entitled to attorneys' fees; denial of attorneys' fees not live issue on appeal). If the request for attorneys' fees is dependent on the granting of injunctive or declaratory relief and the plaintiffs were denied such relief by the trial court, then the trial court did not err in denying attorneys' fees, and the request for attorneys' fees does not save the appeal from mootness. *Speer*, 847 S.W.2d at 229-30. The reasoning behind this rule is that, once mootness renders the injunctive and declaratory relief unavailable, the plaintiffs can never establish their entitlement to attorneys' fees. *Id.* This case is distinguishable from *Speer*, however, because appellants' request for attorneys' fees is not dependent on success on the merits. Rather, the UDJA allows attorneys' fees to be awarded

7

on an "equitable and just" basis. Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2008); *Labrado v. County of El Paso*, 132 S.W.3d 581, 590 (Tex. App.—El Paso 2004, no pet.) (distinguishing suit under UDJA from *Speer*). Therefore, even though their claims for injunctive relief may be moot, their claim for attorneys' fees under the UDJA is not necessarily moot. However, appellants did not raise the trial court's denial of attorneys' fees as an issue on appeal.[4] Because they did not preserve the issue for appeal, it is not a "live" issue and, therefore, cannot save the case from being dismissed as moot.

Appellees' motions to dismiss are granted because the dispute over whether the 2003 contract was void or voidable has become moot with the execution of the 2009 contract superseding the 2003 contract. The attorneys' fee issue is similarly moot. This appeal is dismissed.

_____

G. Alan Waldrop, Justice

Before Justices Pemberton, Waldrop and Henson

Dismissed

Filed: July 23, 2009

---

[4] Appellants do request attorneys' fees in their prayer for relief, but this request is based on the assumption that they win the appeal on the merits. Appellants did not appeal the trial court's failure to award attorneys' fees to them as the non-prevailing party, nor do they make an argument for why it would be "equitable and just" to award attorneys' fees to them as the non-prevailing party. *See* Tex. R. App. P. 38.1.