TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00578-CV






Hutto Citizens Group; Mahlon Arnett; Robbie Arnett; and TJFA, L.P., Appellants


v.


County of Williamson and Waste Management of Texas, Inc., Appellees






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT

NO. 07-748-C368, HONORABLE BURT CARNES, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 Appellees County of Williamson and Waste Management of Texas, Inc. filed
motions to dismiss this appeal as moot. We grant the motions to dismiss.

 The county filed this suit seeking a declaration that its 2003 Amended and Restated
Williamson County Landfill Operation Agreement with Waste Management was void or voidable
for several reasons, including that it was not adopted in compliance with statutes requiring a bidding
process. Appellants intervened in the suit aligned with the county. In their second amended petition,
appellants requested "a declaration, pursuant to the Texas Declaratory Judgment Act, that the
2003 Landfill Contract, as authorized by the Commissioners on or about October 28, 2003, was not
properly authorized, for an order declaring the contract to be void, and for an injunction against the
performance of the contract, pursuant to the provisions of the County Purchasing Act."

 The county and Waste Management both filed motions to strike the plea in
intervention and the parties filed motions for summary judgment. The court granted the motions to
strike, denied the county's motion for summary judgment, and granted Waste Management's motion
for summary judgment. (1) The court stated: "It is the declaration of the Court that the Amended and
Restated Williamson County Landfill Operation Agreement dated October 26, 2003, is not void
or voidable but, rather, remains in full force and effect." The court did not state a specific ground
for summary judgment or specific reason supporting its declaration. The court denied all relief not
specifically granted, which included requests for attorneys' fees. Both the county and the intervenors
appealed, but the county later dismissed its appeal, leaving intervenors as the sole appellants.

 The county and Waste Management filed motions to dismiss this appeal, asserting
that they entered a new contract in 2009 that supersedes the 2003 contract. Accordingly, they argue,
appellants' request for a declaration regarding the validity of the 2003 contract is moot, citing
Hulett v. West Lamar Rural High School District, 232 S.W.2d 669, 670 (Tex. 1950).

 Appellants contend that this appeal is not moot despite the fact that the contract is
no longer in effect, arguing that the issues are capable of repetition, involve the public interest,
and are evading review. They cite the commissioners court's use of a no-bid process for the
2009 contract (2)
 as illustrating that the challenged procedure has already been repeated and is
functioning to help the issue evade review.

 The dispute over the validity of the 2003 contract is moot. A case becomes moot if
a controversy ceases to exist among the parties at any stage of the legal proceedings, including
the appeal. In re Kellogg Brown & Root, 166 S.W.3d 732, 737 (Tex. 2005). A case becomes moot
when a party seeks a judgment on some matter that, when rendered for any reason, cannot have
any practical legal effect on a then-existing controversy. Texas Health Care Info. Council v. Seton
Health Plan, Inc., 94 S.W.3d 841, 846-47 (Tex. App.--Austin 2002, pet. denied). Appellants do
not seek damages from the existence of the contract, but seek to intervene and obtain a declaration
that the 2003 contract is void or voidable. Because the 2003 contract has been superseded by the
2009 contract, a declaration that the 2003 contract is void or voidable would have no practical legal
effect because it would declare invalid a contract that is no longer in effect.

 The question remaining is whether this case fits within an exception to the
mootness doctrine. Courts may rule on the merits of moot cases if "the challenged act is of
such short duration that the appellant cannot obtain review before the issue becomes moot." Blum
v. Lanier, 997 S.W.2d 259, 264 (Tex. 1999); General Land Office v. OXY U.S.A., Inc., 789 S.W.2d
569, 571 (Tex. 1990). Such cases are described as capable of repetition yet evading review. Blum,
997 S.W.3d at 264. There must also be a reasonable expectation that the same action will occur
again if the issue is not considered. Id. (citing Weinstein v. Bradford, 423 U.S. 147, 149 (1975)).

 In Blum, the supreme court considered a challenge to the language of a proposed
charter amendment even though the election was held and the proposed amendment defeated. 
997 S.W.2d at 264. The supreme court held that, because the City could dictate to some extent the
amount of time the parties had to challenge the election by manipulating the election date, the
challenge met the time component of the test. The supreme court also held that the challenged
action was capable of repetition because the City could manipulate the language of future
charter amendments. Id. Therefore, the supreme court held that the challenge was excepted from
the mootness doctrine and could be considered.

 Similarly, this Court held that a state agency could not get a suit to stop destruction
of documents dismissed as moot merely by ceasing the destruction. Davis v. Burnam, 137 S.W.3d
325, 333 (Tex. App.--Austin 2004, no pet.). This Court held that, when the duration of the
challenged action is in the hands of the party opposing the challenge to that action, the exception
to the mootness doctrine is particularly implicated. Id. This Court warned that the agency could
frustrate review and escape injunctive relief by stopping the destruction long enough to get the
suit dismissed as moot, then resume destroying documents when the suit was dismissed. Id. 
Accordingly, this Court reversed the district court's determination that the issue before it was moot. 
Id. at 333-34.

 There are significant distinctions between this case and Blum and Davis. Unlike the
election in Blum in which mootness arose because absentee voting began within a few days of
the challenge or the cessation of document destruction in Davis, the contract in dispute did not
expire too quickly to be subject to review. The contract was in effect for forty-six months before
the county filed this suit and the appellants intervened. The district court ruled on the motions for
summary judgment within ten months of the filing of this case--several months before the mootness
issue arose. The 2009 contract mooting this dispute was entered more than five years into the
2003 contract and almost seven months after the district court's ruling against appellants. Thus, the
2009 contract did not entirely preempt judicial review of the contract and did not serve as a device
to effectively vacate an unfavorable ruling. The contract required the agreement of the county and
Waste Management, so the event that mooted the controversy over the 2003 contract was not within
the sole control of Waste Management and was not as simple as, for example, turning off shredders. 
These facts are inconsistent with the requirement that the "challenged act is of such short duration
that the appellant cannot obtain review before the issue becomes moot." See Blum, 997 S.W.2d
at 264. Appellants could have sought review sooner, but did not. Their claims were nevertheless 
reviewed--and rejected--before the issue became moot. The facts of this case do not meet the
first requirement of the exception to the mootness doctrine. (3)

 Similarly, the facts of this case do not justify application of the public interest
exception to mootness. That exception "allows appellate review of a question of considerable
public importance if that question is capable of repetition between either the same parties or other
members of the public but for some reason evades appellate review." University Interscholastic
League v. Buchanan, 848 S.W.2d 298, 303 (Tex. App.--Austin 1993, no writ); see also Texas Dep't
of Pub. Safety v. LaFleur, 32 S.W.3d 911, 914 (Tex. App.--Texarkana 2000, no pet.). The dispute
over whether the county can contract with Waste Management without competitive bidding is again
raised by the 2009 contract, but we do not find that such repetition justifies review of moot disputes
over the 2003 contract. Despite the fact that both contracts were entered without bidding, it is
not clear that a challenge to the 2009 contract will be merely repetitious of this challenge to the
2003 contract. One clear difference in the posture of this case from a potential challenge to the
2009 contract is that, while the county challenged the 2003 contract's noncompliance with
bidding requirements, it openly disclaims the applicability of those requirements when authorizing
the 2009 contract. This case is different from cases that become moot automatically because of
the passage of months that lead to the end of a sports season or the graduation of the players (UIL,
848 S.W.2d at 303-04) or the expiration of a handgun permit (LaFleur, 32 S.W.3d at 914). The
event that made the dispute moot in this case--the renegotiation of the contract--was later in coming
and not as predictable as those examples. We might be more inclined to conclude that this case
fit the public interest exception if the county were entering a series of contracts raising issues
that evaded review because the contracts were short-term or because the county renegotiated
whenever an existing contract was challenged. Instead, we have a contract that was challenged
almost four years into its existence, was upheld by the district court, and was superseded more than
five years after its inception by a contract set to last for forty years or the life of the landfill,
whichever is shorter. While the county's waste management contracts are within the public interest,
we conclude that, under these circumstances, this case does not fit within the public interest
exception to mootness.

 Appellants also contend that their request for attorneys' fees compels us to consider
the merits of their appeal. See Griffin v. Birkman, 266 S.W.3d 189, 193-94 (Tex. App.--Austin
2008, pet. denied) (citing Camarena v. Texas Employment Comm'n, 754 S.W.2d 149, 151
(Tex. 1988) (holding that "live" request for attorneys' fees can "breathe[] life into the appeal")). A
request for attorneys' fees can only breathe life into an appeal where attorneys' fees were erroneously
denied below. Compare Camarena, 754 S.W.2d at 151, with Speer v. Presbyterian Children's
Home & Serv. Agency, 847 S.W.2d 227, 229-30 (Tex. 1993) (plaintiffs lost on merits and therefore
not entitled to attorneys' fees; denial of attorneys' fees not live issue on appeal). If the request for
attorneys' fees is dependent on the granting of injunctive or declaratory relief and the plaintiffs
were denied such relief by the trial court, then the trial court did not err in denying attorneys' fees,
and the request for attorneys' fees does not save the appeal from mootness. Speer, 847 S.W.2d
at 229-30. The reasoning behind this rule is that, once mootness renders the injunctive and
declaratory relief unavailable, the plaintiffs can never establish their entitlement to attorneys' fees. 
Id. This case is distinguishable from Speer, however, because appellants' request for attorneys' fees
is not dependent on success on the merits. Rather, the UDJA allows attorneys' fees to be awarded
on an "equitable and just" basis. Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2008); Labrado
v. County of El Paso, 132 S.W.3d 581, 590 (Tex. App.--El Paso 2004, no pet.) (distinguishing
suit under UDJA from Speer). Therefore, even though their claims for injunctive relief may be
moot, their claim for attorneys' fees under the UDJA is not necessarily moot. However, appellants
did not raise the trial court's denial of attorneys' fees as an issue on appeal. (4) Because they did not
preserve the issue for appeal, it is not a "live" issue and, therefore, cannot save the case from being
dismissed as moot.

 Appellees' motions to dismiss are granted because the dispute over whether the
2003 contract was void or voidable has become moot with the execution of the 2009 contract
superseding the 2003 contract. The attorneys' fee issue is similarly moot. This appeal is dismissed.



 

 G. Alan Waldrop, Justice

Before Justices Pemberton, Waldrop and Henson

Dismissed

Filed: July 23, 2009
1. Waste Management's motion for summary judgment was predicated on several theories
under which bidding is not required, including the following: (1) the county purchasing act does
not apply because the county received funds and the act applies only to expenditures, see Tex. Loc.
Gov't Code Ann. § 262.023(a) (West Supp. 2008); (2) the county solid waste act permits counties
to enter into operating agreements on terms and conditions considered desirable, see Tex. Health &
& Safety Code Ann. § 364.013(4) (West 2001); (3) the public works/construction contract statutes'
competitive bidding procedures do not apply here because no other statute requires bidding, see
Tex. Loc. Gov't Code Ann. § 271.024 (West 2005); (4) purchases related to landfills are excepted
from the bidding requirements, see id. § 262.024 (West Supp. 2008); (5) the contract is excepted
from bidding requirements because it is merely an amendment of the 1990 agreement, see id.
§ 262.031 (West 2005); and (6) the contract is an operating agreement not subject to bidding
requirements applicable to leases.
2. In the order authorizing the 2009 contract, the Williamson County Commissioners Court
expressly relied on the district court's judgment in the underlying case to support their procedures
in entering the new contract. Referring to the district court's judgment, the commissioners stated:


 In a judgment that addressed procedural issues including competitive bidding, but not
the substance of the contract, the District Court declared on July 18, 2008, that the
2003 contract "is not void or voidable but, rather, remains in full force and effect." 
County and Contractor were parties to that lawsuit and are bound by the judgment as
res judicata. The Commissioners Court has agreed to comply.

 

The commissioners then opined that the contract is exempt from bidding requirements of the
county purchasing act in chapter 262 of the local government code. The commissioners also found
that Waste Management's possession of the property is as a landfill contractor and not pursuant to
a lease and, therefore, is not subject to bidding requirements governing leases. 

3. Appellants argue that the use of the no-bid procedure in 2009 shows that the action
challenged is not just theoretically capable of repetition, but has, in fact, been repeated. The facts
before us do not justify invocation of the exception to mootness on this basis. Even if we were to
declare the 2003 contract void or voidable based on the absence of compliance with bidding
requirements, appellants would then have to challenge the 2009 contract and show that it, too,
is subject to the bidding requirements. Any advisory opinion from this Court about the superseded
2003 agreement would not likely conserve the resources of the parties or the judicial system.
4. Appellants do request attorneys' fees in their prayer for relief, but this request is based
on the assumption that they win the appeal on the merits. Appellants did not appeal the trial court's
failure to award attorneys' fees to them as the non-prevailing party, nor do they make an argument
for why it would be "equitable and just" to award attorneys' fees to them as the non-prevailing party. 
See Tex. R. App. P. 38.1.